## THE CITY OF SPRING VALLEY

*v.*

## THOMAS GAVIN.

*Opinion filed October 19, 1899.*

1. NEGLIGENCE—*street in constant use may be presumed to be safe for travel.* One traveling upon a street in constant use by the public has the right to presume, and to act upon the presumption in the absence of knowledge of its dangerous condition, that it is reasonably safe for ordinary travel throughout its width.

2. SAME—*no more than ordinary care to avoid accident is necessary on part of plaintiff.* An instruction for the defendant, in an action for negligence, is faulty which states that under the specified circumstances the plaintiff was required to use "more than ordinary care" to avoid accident, since ordinary care commensurate with the danger is all that the law requires.

3. INSTRUCTIONS—*when an instruction as to disregarding testimony is properly refused.* An instruction that the jury may disregard the entire uncorroborated testimony of a specified witness if they believe he has willfully sworn falsely is properly refused, when covered by an instruction given in almost identical language, except that it applies to all the witnesses in the case.

4. TRIAL—*right of counsel to continue cross-examination to entrap witness.* The right of counsel to continue a cross-examination without definite purpose except to entrap a witness, if possible, rests largely within the discretion of the court.

*City of Spring Valley* v. *Gavin*, 81 Ill. App. 456, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Bureau county; the Hon. H. M. TRIMBLE, Judge, presiding.

This was an action on the case by appellee, to recover for damages alleged to have been received by him on the night of September 25, 1897, through the negligence of appellant in leaving open and unprotected a ditch in one of its streets, some five feet deep and three feet wide. The ditch had been dug by appellant for the purpose of laying down its water mains, and on the first night after it was open a light had been placed at the end as a danger signal to the public, but on the night in question there was no signal hung out whatever. Appellee alleges that while passing along the street in a buggy, at the time and place in question, with one James Dunn, in the exercise of all due care and caution for his own safety, the horse attached to the buggy fell into the ditch and appellee and his companion were thrown into the said ditch; that appellee, by reason of said fall, received serious injuries to his sides, back and spine, which are permanent in their nature. The jury found for appellee and assessed his damages at $1500, and judgment was entered for that amount, and it has been affirmed by the Appellate Court.

CHARLES W. KNAPP, City Attorney, ALFRED R. GREENWOOD, and J. L. MURPHY, for appellant.

HASKINS, PANNECK & HASKINS, for appellee.

Per CURIAM: In deciding the case the Appellate Court said:

"Instruction No. 22 given for appellee is said to be erroneous, because it states the law to be, that persons traveling upon the streets of a city which are in constant use by the public have the right to presume, and to act upon the presumption, that such streets are reasonably safe for ordinary travel throughout their entire width. In the case of *City of East Dubuque* v. *Burhyte*, 173 Ill. 553, where a similar instruction was under consideration, the following language is used: 'The substance of this charge

to the jury was, that if they believed, from the evidence, that plaintiff went upon the sidewalk in question and traveled over the same, and was exercising ordinary care for her own safety in so doing, she had a right to presume that said sidewalk was reasonably safe. We find no evidence in the record that plaintiff knew, or had reason to believe, that the walk was unsafe or dangerous. Under such circumstances, in the absence of all knowledge on her part that the walk was defective, we cannot say the charge to the jury was erroneous. Had the evidence shown that the plaintiff, when she went upon the walk, knew its defects and dangerous condition, a different question would be presented.'. What is said in the above case applies with equal force to the case under consideration. Had there been any evidence to show that appellee was aware of the condition of the street the instruction would have been improper, but we have not been able to discover such evidence in this record, and therefore, under the rule above announced, the instruction was not erroneous.

"The refusal of the trial court to give instructions 3 and 14 offered by appellant is also assigned as error. Instruction No. 3 is as follows:

" 'If the jury believe, from the evidence, that the place where the accident in question occurred was necessarily more dangerous, under all the circumstances of the case, as shown by the evidence, than the ordinary streets and sidewalks, and that by the exercise of ordinary care and prudence this condition of things could have been known by the plaintiff, or was known to him, then the plaintiff was required to use more than ordinary care and caution to avoid the accident, and if he failed to do so, and thereby contributed to the injury, he cannot recover in this suit, and your verdict should be for the defendant.'

"This instruction is faulty, in that it tells the jury that under certain circumstances appellee was required to use more than ordinary care and caution. This is not the

law. It is true that the care required of a person under circumstances where great danger exists, is, if the same is known to him or could become known by the exercise of ordinary care and prudence, greater than that required where the danger is very slight. But in either case, the care required of him is only the ordinary care to avoid danger commensurate with the peril to which he is exposed. The law is well settled in this State, that where an injury is not willful a party cannot recover for the injury received, unless it appears, from the evidence, that he exercised ordinary care. But in no event is he required to use more than ordinary care and caution to avoid accident. The instruction was therefore incorrect and properly refused.

"Instruction No. 14 would have told the jury, if given, that if they believed, from the evidence, that the appellee, Thomas Gavin, had willfully sworn falsely, on the trial, as to any matter or thing material to the issues in the case, then they were at liberty to disregard his entire testimony, except in so far as it had been corroborated by other credible evidence or by facts and circumstances proved on the trial. There was no error in refusing this instruction, even if it were in itself entirely free from criticism, for the reason that it was fully covered by instruction No. 5 given for appellant, which used the identical language, except that it was applied to all the witnesses in the case.

"Appellant assigned, by leave of court, as an additional error, that the court erred in interrupting and interfering with the cross-examination of James Dunn, the companion of appellee at the time of the accident, who was being examined at length as to his route to and from Peru and Marquette, and the actions of himself and appellee on the day of and prior to the accident. The court allowed a reasonable examination on the subject, and requested counsel for appellant to declare his purpose in pursuing the investigation further, which counsel refused

to do. So far as it now appears from appellant's argument in this court, the investigation was only an experiment, without definite purpose except to entrap the witness, if possible. Proper practice requires that such a line of examination should be rarely, if ever, permitted; but this matter is largely within the discretion of the court, and in this case the examination was very properly limited on the lines sought to be pursued.

"While the damages allowed in this case are rather large, yet it appears from the evidence that the appellee was at the time of the accident thirty-three years of age, and a strong, healthy man; that he was confined to his bed some five weeks by reason of the accident; that up to the time of the trial, which occurred about a year later, he had not been able to do work or attend to his business, and was still suffering pain from the injury. There was also some evidence to the effect that the injury would be permanent. It is beyond question that appellee was injured at the time and place alleged, and it satisfactorily appears that he was then and there in the exercise of ordinary care and prudence. It further appears that the appellant had left a dangerous excavation in its streets without any protection or warning to the public, and that such negligence on the part of the appellant was the cause of the injuries to the appellee. Under the evidence the jury properly found a verdict for appellee, and we cannot say that, under all the circumstances, they were not warranted in finding a verdict for the amount named by them. The judgment of the court below will therefore be affirmed."

We concur in the foregoing views expressed by the Appellate Court, and in the conclusion reached by it. Accordingly, the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*