## City of Rock Island v. Monroe Gingles.

### Gen. No. 4,426.

1. INSTRUCTION—*when error in, pertaining to duty of city to keep its streets in repair, will not reverse*. Where such an instruction tells the jury that it is the duty of a city to keep its streets in a reasonably safe condition, the omission of the statement that it is the duty of a city to use ordinary care so to keep its streets, will not reverse where the judgment is clearly right.

2. INSTRUCTION—*when appellant cannot complain of*. An appellant cannot complain of a vice contained in the appellee's instruction, when he has caused the court to give an instruction containing a like vice.

Action on case for personal injuries. Appeal from the Circuit Court of Rock Island County; the Hon. EMERY C. GRAVES, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed March 8, 1905.

JOHN K. SCOTT, for appellant.

HARRY M. McCASKRIN and G. C. WENGER, for appellee.

MR. PRESIDING JUSTICE FARMER delivered the opinion of the court.

On the 28th of November, 1901, appellee was injured by being thrown into a ditch at the intersection of Ninth street and Fourth avenue in the City of Rock Island. Ninth street runs north and south and is crossed at right angles by Fourth avenue. On the north side of the intersection of Fourth avenue, and extending out into Ninth street, a ditch had been dug for the purpose of laying a sewer. The ditch, which was five feet deep, two feet wide, and extended to near the center of Ninth street, had been made some days before the accident by parties employed by the city. At 5:30 P. M. of the day mentioned, while appellee, accompanied by his brother-in-law, was driving north on Ninth street, his horse, which was blind, fell into the ditch and thereby appellee was thrown from his carriage into the ditch on his head. This suit was brought by him against the city to recover for the injuries he claims to have sustained as a result of the fall. At the

second trial of the case, he was awarded a verdict against the city for $1,250 upon which the court rendered judgment and the city appeals. At the time of the injury, the ditch was in no way protected by barriers or lights or by anything to warn persons traveling on the street of its existence. Appellant contends that it was not yet dark and that it was not negligence in the city to leave the ditch unprotected in the daytime. It will be remembered the injury occurred at 5:30 P. M. November 28th. The evidence shows the sun set on that day at 4:40, and that it was cloudy. As to the extent of the darkness at the time, there is some conflict in the testimony, but we think the weight of it shows it was sufficiently dark that the city should have provided some means to warn travelers on the street of the danger. It is a matter of common knowledge that at that hour in that season of the year, there could have been very little light from the sun. We may add that we were considering this case at 5:30 P. M. November 23rd, five days earlier in the month than the date of the accident, and had an opportunity to observe for ourselves how dark it is at that hour. We are satisfied the city was unquestionably guilty of negligence in not having provided protection for persons traveling the street. The fact that a man was on the way to the ditch for the purpose of placing lights, can make no difference. If the city was not required to provide protection in the daytime, it should at least have done so before so late an hour in the evening.

Appellee's proof tended to show he was in the exercise of ordinary care for his safety at the time of the accident. The only proof to the contrary offered by appellant was as to the condition of light at that hour. The evidence warranted the jury in finding he was in the exercise of reasonable care.

Appellant contends the proof does not show appellee sustained any substantial or permanent injury. To our minds the evidence abundantly shows he was painfully and seriously injured and is yet suffering from the effects of the injury. The verdict of $1,250 was not excessive.

The first paragraph of appellee's second instruction told the jury that it was the duty of a city to keep its streets in a reasonably safe condition. This is a stronger statement of duty than the law warrants. The duty of a city is to exercise reasonable care and diligence to keep its streets in a reasonably safe condition, but, as said in City of Salem v. Webster, 192 Ill. 369, where a similar instruction was given, "there was and can be no question of the utter disregard by the defendant of such duty. * * * The finding of the jury could not have been different upon that issue." Complaint is made of appellee's third instruction. A similar one was held not erroneous in West Chicago St. R. R. Co. v. Buckley, 200 Ill. 260. Besides in this case, as in that one, the court at appellant's request gave an instruction containing the same elements it complains of in appellee's. If the instruction given for appellee had been erroneous appellant could not be heard to complain of it "when a like error appears in an instruction given at its own request." See also, Mt. Olive Coal Co. v. Rademacher, 190 Ill. 538. What we have said as to the second and third instructions, disposes of appellant's objections to the fourth and seventh. The fifth instruction when considered with the other instructions given was not erroneous, and the principle of law embodied in it has been sustained in City of Spring Valley v. Gavin, 182 Ill. 232, and other cases.

The judgment is affirmed.

*Affirmed.*