**Howard Boender, Appellee, v. City of Harvey, Appellant.**

**Gen. No. 15,467.**

1. INSTRUCTIONS—*approved form as to obligation of city with respect to its streets.* The following instruction upon this subject is approved:

"Where a street throughout its entire width is open for public travel, the city must exercise ordinary care to keep it in a reasonably safe state of repair throughout its entire width."

2. NEGLIGENCE—*what essential to establish proximate cause.* To warrant a finding by the jury that the negligence of the defendant was the proximate cause of the injury, the evidence must be such that the jury might properly find that the injury was the natural and probable consequence of such negligence, and that it ought to have been foreseen by the defendant in the light of the attending circumstances.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed January 3, 1911. Rehearing denied January 23, 1911.

**Statement by the Court.** This is an appeal by the defendant from a judgment for $750 recovered by the plaintiff in an action on the case for personal injuries. Center avenue in the city of Harvey is a residence street, runs north and south, and is eighty feet wide. At the time of the accident there was on the east side of the street, about eight feet from the lot line, a cement sidewalk five feet wide. On the street side of the sidewalk were spaces eight feet wide, called by the witnesses "parkways." Between the "parkways" was an unpaved roadway thirty-seven feet wide, over which a heavy scraper or grader was passed about once a month. On each side of the roadway were shallow ditches or gutters, and in them and on the adjacent "parkways" were weeds. On the "parkway" on the east side of the street was a pile of six or more timbers, each thirty feet long and a foot square, piled in two or three tiers. In or near the east gutter, in the weeds, and about two feet south of the south end of the pile of timbers, was a stone of the estimated weight of twenty pounds. Plaintiff was a milkman and delivered milk from a wagon in the street to customers on each side of Center avenue. He was going, with a milk can in one hand, from his wagon to the house of a customer, the north line of which was some feet south of the south end of the pile of timber. He intended to pass south of the south end of the timbers, but struck his foot against the stone in the ditch, stumbled and fell

on the pile of timbers, and received the injuries complained of.

FREDERIC R. DE YOUNG, for appellant.

MCCASKILL AND SON, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

We do not think that the trial court erred in instructing the jury that: "Where a street throughout its entire width is open for public travel, the city must exercise ordinary care to keep it in a reasonably safe state of repair throughout its entire width." Spring Valley v. Gavin, 182 Ill. 232; Montgomery v. Wright, 72 Ala. 411; Bacon v. Boston, 3 Cush. 174; Stafford v. Oskaloosa, 64 Ia. 251.

The negligence alleged in the first count of the declaration is, that the defendant negligently, etc., permitted said street to become and remain obstructed with rocks and timbers, on which plaintiff stumbled and fell, etc. The second count repeats the allegations of the first, and alleges that the defendant negligently permitted grass to grow in the street around and above said obstructions so as to hide them from view, whereby they became dangerous, etc. The third count alleges that the defendant negligently permitted certain obstructions to be placed and to remain in said street, etc., whereby, etc.

It does not appear from the evidence that the stone had been seen by any one before the plaintiff struck his foot against it. It had apparently fallen or been thrown among the weeds that were growing in the gutter and "parkway," for it was lying on and surrounded by weeds. It was not in a traveled portion of the street. Hill, a witness for the plaintiff, testified ·that he saw a stone a short distance south and west of the pile of timbers a few hours after the accident; that

he did not think that the stone had been lying there a great while; "it might have been there several days, but it did not look as if it had been there a great while."

Our conclusion from the evidence is, that the jury might not properly find the defendant guilty of negligence either in permitting weeds to grow and remain in the space between that portion of the street which had been graded and used as a roadway, and the sidewalk, or in failing to discover and remove from such space the stone against which plaintiff struck his foot.

The pile of timbers had been in the "parkway" for a year or longer, and we think that the jury might properly find from the evidence that the permitting such a pile of timbers to remain on the "parkway" for such a length of time constituted and was negligence on the part of the defendant; that such negligence directly contributed to the injury of the plaintiff, and that the injury would not have been sustained but for such negligence. The view of the stone was obstructed by the weeds. Plaintiff testified that he did not see the stone before he struck his foot against it. He knew that the pile of timbers was on the "parkway," but he testified that he intended to pass south of the end of the pile; and from the evidence the jury might properly find that he fell on the timbers only because he struck his foot against the stone. We think that from the evidence the jury might properly find that the plaintiff was not guilty of contributory negligence.

The conclusion most favorable to the plaintiff which, in our opinion, the jury might properly reach from the evidence, is that two causes contributed to produce the injury, both in their nature proximate; the one the striking of plaintiff's foot against the stone and his consequent stumbling, an occurrence as to which neither party was at fault; the other the negligence of the defendant in permitting the pile of timbers to remain on the "parkway," and that the injury would not have been sustained but for such negligence of the defendant.

To warrant a finding by the jury that the negligence of the defendant was the proximate cause of the injury, the evidence must be such that the jury might properly find that the injury was the natural and probable consequence of such negligence, and that it ought to have been foreseen by the defendant in the light of attending circumstances. Seith v. Commonwealth Elec. Co., 241 Ill. 252, and cases there cited.

In the opinion in the Seith case Mr. Chief Justice Cartwright said: "To constitute proximate cause the injury must be the natural and probable consequence of the negligence, and be of such a character as an ordinarily prudent person ought to have foreseen might probably occur as a result of the negligence. It is not necessary that the person guilty of a negligent act or omission might have foreseen the precise form of the injury, but when it occurs it must appear that it was a natural and probable consequence of his negligence. * * * The test is whether the party guilty of the first act or omission might reasonably have anticipated the intervening cause as a natural and probable consequence of his own negligence, and if so, the connection is not broken."

It appears from the evidence that persons who had occasion to go from wagons to houses were in the habit of passing directly from the wagon to a house, and it is common knowledge that delivery clerks, expressmen, laundry men and others who use wagons, go directly from their wagons to houses, and do not go by way of the nearest crosswalk or street intersection.

We think that from the evidence the jury might properly find that the injury to the plaintiff was the natural and probable consequence of defendant's negligence in permitting the pile of timbers to remain on the "parkway;" that in the light of the attending circumstances the defendant might have reasonably anticipated the intervening cause, the accidental stumbling and falling of the plaintiff in passing near to such timbers, and therefore might properly find that the negli-

gence of the defendant was the proximate cause of plaintiff's injury. It follows from what has been said that, in our opinion, the evidence is sufficient to support the verdict, and the judgment will be affirmed.

*Affirmed.*