# Elizabeth Swalm, Appellee, v. City of Joliet, Appellant.

## Gen. No. 6,827.

1. TRIAL, § 191*—*what is test for taking case from jury.* The determining test upon a motion to instruct the jury to find for the defendant is whether or not the evidence, with all reasonable inferences to be drawn therefrom taken most strongly in favor of the plaintiff, fairly tended to prove the plaintiff's case and was sufficient to warrant a verdict in plaintiff's favor.

2. MUNICIPAL CORPORATIONS, § 1107*—*when negligence is question for jury.* In an action against a city to recover for personal injuries alleged to have been received by a fall on the sidewalk occasioned by plaintiff's foot being caught in a wire, refusal of the trial court to instruct the jury to find defendant not guilty, *held,* upon the evidence, not error.

3. EVIDENCE, § 148*—*when exhibition of injured hand is not error.* In an action to recover for personal injuries, it is not error to permit plaintiff, who alleged that her hand had been injured, to exhibit it to the jury and demonstrate how far she could open and close it.

4. EVIDENCE, § 423*—*when physician may testify as to cause of injury.* In an action to recover for personal injuries alleged to have been received by falling on a sidewalk, where an osteopathic physician has just testified that there was some displacement of plaintiff's spine, it is proper to allow such physician to answer affirmatively a question as to whether the displacement was such as could have been caused by falling on a sidewalk.

5. EVIDENCE, § 423*—*when testimony of experts as to cause of injury is improper.* In an action against a city to recover for personal injuries alleged to have been received by falling on defendant's sidewalk, where defendant denies that plaintiff was injured in the manner claimed, it is improper to allow plaintiff's experts to testify that her ailments are the result of the accident.

6. DAMAGES, § 209*—*when instruction as to amount of recovery is not erroneous.* In an action against a city to recover for personal injuries alleged to have been caused by falling on its sidewalk, an instruction as to the measure of recovery *held* not subject to the objection that it authorizes the jury to award damages in such sum as is claimed in the declaration without specially

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Swalm v. City of Joliet, 219 Ill. App. 123.

limiting them to the evidence in the case bearing on plaintiff's injuries.

7. FORMS, § 185*—*what is proper instruction as to damages.* Form of instruction as to measure of recovery in action for personal injuries, *held* improper.

8. INSTRUCTIONS, § 151*—*when refusal of requested instructions is proper.* Where counsel asks the court to give many and voluminous instructions containing repetitions and the court in selecting the instructions therefrom, fails to select one which counsel would have preferred, the court's action will be sustained, when the jury were fully and fairly instructed and the material elements in the refused instructions were given in other instructions.

9. MUNICIPAL CORPORATIONS, § 1048*—*what care must be used on street.* One who uses a public street and is familiar with its condition must use a degree of care which is reasonable in proportion to the danger, if any, known to him.

10. MUNICIPAL CORPORATIONS, § 1048*—*what degree of care is required in using street.* The amount of care which is required of one using a public street varies with the circumstances of each particular case, but the degree of care exacted is unvarying and must always amount to reasonable care.

11. MUNICIPAL CORPORATIONS, § 1106*—*when instruction as to contributory negligence is proper.* In an action against a city to recover for personal injuries received from a fall on its sidewalk, an instruction that plaintiff must, at the time of and before the injury, have been in the exercise of ordinary care for her own safety, *held* proper.

12. MUNICIPAL CORPORATIONS, § 1063*—*what care is required when sidewalk is dangerous.* A greater amount of care is required of one using a sidewalk which he knows to be dangerous than is required of pedestrians ordinarily.

13. MUNICIPAL CORPORATIONS, § 1107*—*when contributory negligence is question for jury.* In an action against a city to recover for personal injuries alleged to have been received from a fall caused by a wire on the sidewalk, the question whether plaintiff was, under the circumstances shown, in the exercise of ordinary care, *held* to be a question for the jury.

14. MUNICIPAL CORPORATIONS, § 1107*—*when question of city's negligence is for jury.* In an action against a city to recover for personal injuries alleged to have been received by falling over a wire on the sidewalk, where the evidence as to whether or not the wire was on the sidewalk was conflicting, the question of defendant's negligence is for the jury.

15. DAMAGES, § 109*—*when damages are not excessive.* In an ac-

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Swalm v. City of Joliet, 219 Ill. App. 123.

tion against a city to recover for personal injuries received from falling on a sidewalk, damages .held not excessive in view of the nature of plaintiff's injuries.

Appeal from the Circuit Court of Will county; the Hon. FRANK L. HOOPER, Judge, presiding. Heard in this court at the April term, 1920. Affirmed. Opinion filed October 12, 1920. Rehearing denied November 4, 1920. Certiorari denied by Supreme Court (making opinion final).

EDWARD R. NADELHOFFER, for appellant.

BARR, McNAUGHTON & BARR and FRANK J. JONES, for appellee.

MR. JUSTICE HEARD delivered the opinion of the court.

This is an appeal from a judgment for $6,200 recovered by appellee against appellant in an action brought by her against appellant to recover damages for personal injuries which she claimed to have sustained from falling upon a sidewalk on a public street of appellant by reason of one of her feet having been caught in a loop or coil of wire on the sidewalk.

Appellant has assigned twenty-one errors upon the record. Most of these assignments are either repetitions or not argued and so will not be commented upon in this opinion.

It is contended by appellant that the court should have instructed the jury to find the defendant not guilty. We have repeatedly held that the determining test upon a motion to instruct the jury to find for the defendant is whether or not the evidence with all reasonable inferences to be drawn therefrom taken most strongly in favor of the plaintiff fairly tends to prove the plaintiff's case and was sufficient to warrant a verdict in plaintiff's favor. Without, at this time, going into a review of the evidence we are of the opinion that applying this rule to the evidence in the case the

court did not err in refusing to instruct the jury to find the defendant not guilty.

It is claimed that the court erred in permitting appellee while testifying as a witness to exhibit to the jury the hand, which she claimed had been injured, and to make demonstrations to the jury as to how far she could open and close it. This question was before this court in *Tindall v. Chicago & N. W. Ry. Co.*, 200 Ill. App. 556, and we there held after a review and citation of the authorities upon the question that allowing such demonstration was not erroneous.

One of the points for reversal set up in appellant's brief is that appellee's medical experts testified that her present injuries were the result of the fall and of her accident. Appellant does not point out the testimony of which it complains and a search of the abstract fails to substantiate appellant's claim. The only question to an expert witness to which objection was made, so far as shown by the abstract, was the question, "Was that such displacement as could have been produced as by a fall on a sidewalk?" asked the witness Tena M. Gross, and osteopathic physician who had just testified that there was some displacement of appellee's spine. The court properly allowed the witness to answer this question affirmatively over appellant's objection. In this case it was denied that appellee was injured in the manner claimed by her and it therefore would have been improper to have allowed her experts to testify that her present ailments were the result of the accident, as pointed out in *Ehrhardt v. Connecticut Fire Ins. Co., ante,* p. 48, where there is a full review of the authorities on the subject. Where there is a dispute as to the manner and cause of the injury, a physician may be asked whether the facts stated in the hypothetical question are sufficient from a medical viewpoint to cause a certain condition or disability; or he may be asked whether or not a given condition or disability may or could result from

or be caused by the facts stated in the hypothetical question. Appellee's counsel followed this rule in framing his question and it was therefore not improper.

It is claimed by appellant that the court erred in giving to the jury the following instructions:

"The court instructs the jury that if they find for the plaintiff they will be required to determine the amount of her damages. In determining the amount of damages the plaintiff is entitled to recover in this case, if any, the jury have a right to, and they should take into consideration all the facts and circumstances as proven by the evidence before them, the nature and extent of plaintiff's physical injuries resulting from the fall on the sidewalk in question, if any, so far as the same are shown by the evidence; her pain and suffering, if any, resulting from such physical injuries, if any, as the jury may believe from the evidence before them in this case she has suffered, by reason of such injuries; her loss of time and inability to work, if any, on account of such injuries, and may find for her such sum as in the judgment of the jury, under the evidence and instructions of the court in this case, will be a fair and just compensation for the injuries she has sustained, if any, so far as such damages and injuries, if any, are claimed and alleged in the declaration." Appellant's contention is that it tells the jury that they can award damages for injuries sustained in such sum as claimed in the declaration without specially limiting them to the evidence in the case bearing on plaintiff's injuries. This instruction is not subject to that criticism as it specifically limits the judgment of the jury to the evidence in the case. This instruction is however defective in the second sentence in not beginning the sentence with the words "In such event," and in the latter part of the instruction in not containing the words "If you find for the plaintiff" between the words "and" and "may find."

These objections are not raised by appellant, and so far as we can ascertain never have been heretofore raised in a court of appeal in this State. In *Chicago & M. Elec. Ry. Co. v. Ullrich*, 213 Ill. 170, the Supreme Court sustained the giving of an instruction almost identical in language with the instruction in question here.

Appellant's counsel tendered to the court thirty-nine instructions, many of them extremely lengthy and many of them repeating principles announced in other instructions. Complaint is made of the refusal of the court to give one of these instructions. The court gave twenty instructions fully and fairly covering all the principles material to the issues in the case. Where counsel requests the court to give many voluminous instructions containing repetitions and the trial judge in making his selections therefrom fails to select an instruction which counsel would have preferred, the action of the court will be sustained where the jury have been fully and fairly instructed and all the material elements in the refused instructions are given in other instructions.

Appellant contends that when appellee entered upon the sidewalk in question she had knowledge of the dangerous condition of the sidewalk over which she was about to walk and that the court in the instruction given for appellee did not correctly state the degree of care to be required of her under such circumstances. The instruction of which complaint is made required appellee at and prior to the time of the alleged accident to have been in the exercise of ordinary care for her own safety. It is undoubtedly the law that one who uses a public street and is familiar with its conditions must use reasonable care in proportion to the danger, if any, known to him. What constitutes reasonable care in any given case depends on the circumstances of that particular case. If one knows of the dangerous condition of a sidewalk that fact would call

for the exercise of a greater amount of care than would be required in the absence of such knowledge. The amount of care required of pedestrians on public streets varies and depends on the circumstances of each particular case, but the degree of care required never varies and is always reasonable care. *City of Spring Valley v. Gavin,* 182 Ill. 232; *Village of Jefferson v. Chapman,* 127 Ill. 438. That appellant, in the trial court, recognized that reasonable care was the degree of care required of appellee is evidenced by the fact that in six of appellant's given instructions the degree of care required is stated to be reasonable care.

Appellant contends that appellee was guilty of contributory negligence, barring her from a recovery in this case.

Appellee claims she was injured about 9 a. m. May 19, 1915, while walking west on the north sidewalk of Clinton street, in the City of Joliet, by one of her feet becoming entangled in a coil or loop of wire extending from the fence out upon the sidewalk. The fence built near the sidewalk extended along the south side of what is known as the Munroe property and was originally constructed of posts, a 2 by 4 scantling nailed on the top of the posts and a 3 or 4 inch board lower down. To this framework two kinds of wire had been attached by staples, a barbed wire on the 2 by 4, and woven wire lower down. In the course of time some of the posts and 2 by 4's had rotted and were replaced. The barb wire and the woven wire rusted, became rotten and brittle, and was at times repaired, and it is claimed by appellant's witnesses that it had been entirely removed from the fence 2 years prior to the accident. The sidewalk was 7 feet in width and rested on two walls running parallel with and constructed along either edge of the sidewalk. Between the walls supporting the flagging and underneath the same, there was a void of the depth of about 3 feet. At a point

about 110 or 115 feet west of the place where appellee fell, one of the flags broke along a seam near the center and running parallel with the walk, so that the broken flag collapsed by caving in between the walls supporting the same. To protect the traveling public from injury, the city authorities caused a barricade to be constructed over the broken stone. The barricade consisted of two wooden ''horses''—one on either side of the walk—supporting a heavy plank extending across the walk at an elevation of several feet. There was only one barricade erected for the protection of the public. Appellee was a music teacher and on the morning of May 19 left her home at about half-past seven and went to the home of one of her pupils to give a music lesson. After leaving the home of her pupil, she proceeded to Clinton street. Appellee testified that for about 2 years prior to the accident she had been afraid to walk on that particular sidewalk; that the woven wire had a barb about every 4 or 5 inches and that it was rotten and rusty so that the barb would break off in about 3 or 4-inch lengths of wire and that she had often seen barbs on the sidewalk as she walked along there; that she did not know how often she had seen them, but said she had seen them often enough so that she was very much afraid of stepping on one of them and for that reason she always took the middle of the sidewalk when walking on the north side of the street along the Munroe property, feeling that it was the safest; that she had never seen a strand of wire extending to the middle of the sidewalk prior to the accident and that her one care was to avoid stepping on the small pieces of broken wire; that on the morning in question, as was her custom, she took the middle of the sidewalk; that after turning west on Clinton street she observed the barricade which she had never seen before; that she noticed there was only one barricade and thought there ought to be two to show where the dangerous part of the pavement was; that she would

judge the barricade was about 30 feet from where she fell, at a rough guess; that she was about 56 years of age and her eyesight was good; that she was used to walking; that the sidewalk was light in color and that as she approached the place in question she saw no wire extending out to the middle of the sidewalk; that she did not keep off the sidewalk on account of being afraid of the barbs because she felt able to protect herself and that she took precaution, such as one ordinarily would, not to step on a loose piece of wire; that she was walking rapidly and felt herself crashing down to the sidewalk; that this was caused by her stepping her left foot in a loop or coil of wire which she did not see before stepping into it; that this loop or coil of wire got around her left leg between her ankle and shoe top and when she went to take the next step she was thrown to the pavement; that she saw the wire while she was on the pavement; that it was removed from her ankle by an unknown man; that the coil or loop consisted of two wires, one a barb wire and one a plain wire; that the barb wire was rusty and very old and bad looking; that the barb wire came down from the top of the post; that the plain wire was fastened to the posts and about 5 or 6 inches from the top of the post it began to weave in with the barb wire.

We have quoted this extensively from appellee's testimony for the reason that she is the only witness whose testimony has a direct bearing upon the question as to whether or not she was using ordinary care for her safety at and just prior to the time of the accident. While it is true that when one walks over a walk which he knows to be dangerous he must use care commensurate with the known danger and that a greater amount of care is required under such circumstances than is required from pedestrians ordinarily, yet in the present instance the danger encountered by appellee was not the exact danger known and feared by her and it occurred in that portion of

the sidewalk which she had considered safest and where she had never experienced trouble. Her attention was called to the fact that a few feet ahead was a part of the sidewalk sufficiently dangerous to be barricaded and to the fact that there was only one barricade, where she thought there ought to be two, to show where the dangerous place was and that while her attention was thus attracted the accident occurred. The question as to whether or not she had exercised ordinary care for her own safety was a question for the jury and under the evidence we would not be justified in setting aside their finding.

It is earnestly contended by appellant that the evidence does not show any negligence on the part of appellant. Upon this question the evidence is irreconcilably conflicting. A half owner of the property and five former employees, only one of whom was an employee at the time of testifying, testified that the wire had been entirely removed from the fence 2 years prior to the accident and that from that time to the time of the accident there had been no wire of any kind upon the fence. Several persons living or working in the vicinity testified to walking over the sidewalk in question daily for some time prior to the accident and that they never saw any wire on the sidewalk at or near the place in question. On the other hand, in addition to the testimony of appellee, an assistant in the public library, who came upon the scene while appellee was yet upon the pavement, testified to seeing a wire on the sidewalk near appellee; that the wire was not a loose wire, but seemed to be attached to the fence; several other witnesses testified to seeing a wire, one end of which was fastened to the fence extending out over the sidewalk in question, at various times shortly before the accident. It was peculiarly the province of the jury to pass upon this conflicting testimony. If the testimony produced by appellant was true, then appellant was not guilty of negligence. If the tes-

timony of appellee's witnesses was true, then appellant was guilty of negligence.    The jury found in favor of appellee upon this question and we would not be justified in disturbing their finding.

Appellant contends that the damages allowed by the jury are excessive.    If the jury believed the testimony of appellee and her physicians, and they evidently did, then the damages awarded were not excessive.

The judgment is affirmed.

*Affirmed.*