(No. 4500— )

KAY LIPSCOMB AND JOSEPH LIPSCOMB, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 19, 1952.*
*Petition of Claimants for rehearing denied March 20, 1953.*
*Motion of Claimants for new trial allowed March 30, 1953.*
*Motion of Respondent to vacate order of Court handed down on March 30, 1953 allowed June 26, 1953.*

JOHN B. HARRIS, Attorney for Claimants.

LATHAM CASTLE, Attorney General; CHARLES H. EVANS, Assistant Attorney General, for Respondent.

Delaney, C. J.

Claimants in this cause are husband and wife. They lived at 3008 East Twenty-third Street in Granite City, Illinois on August 27, 1951, the date Kay Lipscomb fell, and received the injuries for which suit was filed with this Court on February 27, 1952.

East Twenty-third Street in the City of Granite City (formerly City of Nameoki) is designated in the Department of Public Works and Buildings, Division of Highways' records as State Aid Route No. 9, Madison County, Section 62-15d. The pavement on this section was originally constructed by Madison County, and was taken over by the State in 1934 for purposes of maintenance.

The area in the vicinity of the 3000 block on East Twenty-third Street was subdivided, and sidewalks installed prior to the highway improvement made by Madison County. The roadway improvement consisted of a concrete pavement twenty feet in width, and shoulders ten feet wide on each side of the pavement. A berm, six feet in width, exists between the outside edge of the shoulder and the existing concrete sidewalk, which is four feet wide.

On August 17, 1951, an agreement was reached between representatives of the Division of Highways and the City of Granite City whereby the Division of Highways would install four subsurface drainage inlets

and two culverts, finish blade earth shoulders, and, after an asphalt treatment of shoulders was made by the City of Granite City, spread 3/8-inch chips on the asphalt.

The shoulders on the section of highway herein referred to, which includes the portion adjacent to claimants' dwelling, was bladed by a special maintenance crew on August 1, 2, 3, 6, 7, 8, 15 and 20, 1951. Regular maintenance work was done during this same period. Rain was recorded during the month of August, 1951 in the East Twenty-third Street area, including some precipitation on both August 26 and 27, 1951. Difficulty was experienced in maintaining the highway shoulders in a smooth and unrutted condition because of rain, and the constant use of the shoulders by commercial and passenger vehicles. Many adjacent property owners or tenants, who did not have private garage facilities, used the highway shoulders and berms for parking purposes during the day and night.

Mrs. Lipscomb is a housewife, and her husband's work shift on the date of the injury was from 11:00 P.M. until 7:00 A.M. The fall and resultant injuries occurred at approximately 9:00 P.M. Mr. Lipscomb owned a 1948 Plymouth Coupe, which the claimants were in the habit of parking in front of the apartment building where they lived. The claimants parked their automobile on the dirt berm, which would make the right door of the machine open onto the sidewalk. The vehicle was parked in this position at the time Kay Lipscomb fell. The photographs show a great deal of water behind the car, but none on the left side, in front, or on the right side. It appears from these pictures that it would have been possible, and, undoubtedly the best way under the circumstances, to have entered from

the right side. It would not have been necessary for Mrs. Lipscomb, a woman of 64 years of age at the time of the accident, to have walked through any mud or water to board the car in that manner. A second alternative, apparent from the pictures, was for Mrs. Lipscomb to have walked on the sidewalk past the right hand side of the car, and then to have passed around the car from the front. The pictures indicate that the area in front of the car was smooth, level and had no water standing. Mrs. Lipscomb knew it had been raining all day, and the day and night before. She also knew the area, where she was attempting to walk at the time she fell, was slick and muddy.

In the Appellate Court case of *Swalm* vs. *City of Joliet*, 219 Ill. App. 123, involving a claim for damages based upon an alleged fall on a sidewalk, the Court said, at page 131 thereof, as follows:

"While it is true that when one walks over a walk, which he knows to be dangerous, he must use care commensurate with the known danger, and that a greater amount of care is required under such circumstances than is required from pedestrians ordinarily."

And at pages 128 and 129:

"It is undoubtedly the law that one who uses a public street, and is familiar with its conditions, must use reasonable care in proportion to the danger, if any, known to him. What constitutes reasonable care in any given case depends on the circumstances of that particular case. If one knows of the dangerous condition of a sidewalk, that fact would call for the exercise of a greater amount of care than would be required in the absence of such knowledge. The amount of care required of pedestrians on public streets varies, and depends on the circumstances of each particular case, but the degree of care required never varies, and is always reasonable care. *City of Spring Valley* vs. *Gavin*, 182 Ill. 232; *Village of Jefferson* vs. *Chapman*, 127 Ill. 438."

The record consists of the complaint, motion of respondent for an extension of thirty days in which to file pleadings, order of Chief Justice granting respondent an extension of time to April 27, 1952 in which to file

pleadings, Departmental Report, original transcript of evidence, copy of transcript of evidence, stipulation re medical bills, abstract of evidence, motion of claimants for an extension of twenty days from July 30, 1952 within which to file brief or memorandum of authorities, order of Chief Justice granting the motion of claimants for an extension of twenty days from July 30, 1952 within which to file brief or memorandum of authorities, memorandum of claimants, statement, brief and argument of respondent, and reply memorandum of claimants.

Under the circumstances of this case, we feel claimant has not proven due care and caution. It is the duty of persons on the public streets to exercise reasonable care, and when one fails to use ordinary precaution, weather conditions considered, such conduct is by the general knowledge and experience of mankind considered as negligence.

For this reason, the claims of Kay Lipscomb and Joseph Lipscomb will be denied, and their complaint dismissed.

### SUPPLEMENTAL OPINION

TOLSON, C. J.

On December 19, 1952, an opinion of this Court was entered denying an award to claimants on the ground that claimant failed to show due care and caution in her own behalf.

On January 15, 1953, claimants filed a petition for rehearing setting forth certain allegations of matters that the Court had overlooked or misapprehended.

On March 30, 1953, claimants filed a motion for a new trial setting forth five allegations; the first three

are substantially the same as those filed under the petition for rehearing; the fourth and fifth allegations are as follows:

"(4) Other evidence is available to the claimants, which will remove any doubt that the claimant, Kay Lipscomb, was not guilty of contributory negligence, and that she was in the exercise of reasonable care immediately before and at the time she sustained the injuries in question.

(5) If a retrial or rehearing of this case is granted, claimants will be in position to produce, and will produce the evidence referred to in the preceding paragraph, and will show the existence of facts not previously shown, which will make it evident that said claimant was in the exercise of reasonable care at the time she sustained her injuries."

On March 30, 1953, an order was entered by one of the members of the Court, denying the petition for rehearing, but ordering a new trial, and directing that the matter be referred to a Commissioner for further hearing.

On April 24, 1953, respondent filed a motion requesting the Court to vacate the order entered on March 30, 1953, authorizing the new trial, for the reason that paragraphs four and five, heretofore set out in full, in the motion for a new trial were insufficient in fact or law to justify such an order.

The basis for a new trial is found in Rule 27 of the Court of Claims.

"When a decision is rendered, the Court, within thirty (30) days thereafter, may grant a new trial for any reason, which, by the rules of common law or chancery in suits between individuals, would furnish sufficient ground for granting a new trial."

A new trial may be granted for many reasons, but, when the request is based on an allegation of newly discovered evidence, the Courts of this State have laid down the following rules:

"Applications for a new trial on the ground of newly discovered evidence, in order to justify its allowance, should fulfill the following requirements: (1) The evidence must appear to be such as will probably change the result, if a new trial

is granted; (2) it must have been discovered since the trial; (3) it must be such as could not have been discovered before the trial by the exercise of due diligence; (4) it must be material to the issue; and (5) it must not be merely cumulative to the evidence offered on the trial."

*People* vs. *Williams*, 242 Ill. 197.
*People* vs. *Tillman*, 383 Ill. 560.

It is further required by Affidavit of Witnesses, relied upon to make the new proof, that the testimony has been discovered since the trial, so that no laches are imputable to the party, and that the new testimony is so material and conclusive that it will probably lead to a different result.

*Janeway* vs. *Burton*, 201 Ill. 78.
*People* vs. *Dabney*, 315 Ill. 320.

Paragraphs four and five, heretofore set forth in full, do not comply with the requirements of law in the matter of applications for new trials on the basis of newly discovered evidence, and the motion to vacate the order of March 30, 1953, granting a new trial, must be allowed.

It is therefore ordered, adjudged and decreed that the order of March 30, 1953, granting a new trial be, and the same is hereby vacated.