(No. 14084.—Judgment affirmed.)

MILTON D. COVERT, Appellant, *vs.* THE ROCKFORD AND INTERURBAN RAILWAY COMPANY, Appellee.

*Opinion filed October 22, 1921.*

1. NEGLIGENCE—*what is willful negligence.* Willful negligence implies an act intentionally done in disregard of another's rights, or an omission to do something to protect the rights of another after having had such notice of those rights as would put a prudent man upon his guard to use ordinary care for the purpose of avoiding injury to such other person.

2. SAME—*when interurban company is not guilty of willful negligence.* A person standing so close to the track of an interurban line that a car struck his hand while he was signaling it to stop at a road crossing is guilty of contributory negligence, and he can not recover as for willful injury because the motorman failed to stop the car until it had run several hundred feet past the crossing, where there is no evidence that the motorman had notice that such person was too close to the track to allow the car to pass without striking his extended hand, as the duty of the motorman to stop the car to take on a passenger is not one which relates to his safety.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Winnebago county; the Hon. CLAIRE C. EDWARDS, Judge, presiding.

GARRETT, MAYNARD & HULL, for appellant.

FISHER, NORTH, WELSH & LINSCOTT, for appellee.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

This cause comes to this court on a certificate of importance from the Appellate Court for the Second District for a review of the judgment of that court affirming the ruling of the circuit court of Winnebago county in instructing the jury selected in the cause to return a verdict finding the defendant not guilty.

Appellant filed his declaration against appellee charging negligence in the operation of its interurban electric car, by reason of which negligence the appellant was injured. The first and third counts of the declaration charged the appellee with operating a certain electric railroad between the cities of Rockford and Belvidere, Illinois, upon which railroad there was a crossing known as Radke's crossing, which is a recognized stop for the interurban cars for the purpose of receiving and discharging passengers, though there was no station or platform. This crossing is at the intersection of the appellee's right of way with the public highway. The first count charges that on the night of the day in question the appellant signaled a car approaching from the east that he desired to take passage thereon; that the appellee, through its servants, so improperly and negligently operated and controlled the car that it struck and injured him. The third count charges general negligence, as does the first, with the additional charge of specific negligence, in that no bell was rung or whistle sounded. The second count charges willful and wanton negligence in the operation and control of the car, by reason whereof appellant was injured. Issue having been joined on each count, a trial was had. At the conclusion of the appellant's evidence the trial court, on motion of appellee, instructed the jury to find the appellee not guilty, which finding was re-

299—19

turned by the jury and judgment entered thereon. That judgment was affirmed by the Appellate Court.

The evidence of appellant is that he had traveled over this railway on numerous occasions, getting off and on cars at this crossing; that he had been instructed to light a match or paper and hold it up when a car was approaching at night so that the motorman could see the light; that he had done this on numerous previous occasions; that on the evening in question it was dark when he desired to take the car; that he went to a point about eight feet west of the west side of the public highway and stood about three feet from the south side of the rails of appellee's tracks, at which place he was in the habit of standing when he had previously boarded the car; that he saw the car coming and lighted a piece of paper, but it was blown out by the wind and he again lighted it and held it up as a signal to the car; that the car was about a mile away when he first saw it; that after he had lighted the paper the second time the motorman blew two short whistles, which was the usual signal that the car would stop; that these whistles were blown about 300 feet east of the highway; that the car was running at a high rate of speed at this point, and that although the motorman signaled that it would stop it did not stop before reaching a point about 1300 feet west of the place where the appellant was standing. It also appears from appellant's testimony that as the car went past him it struck his left hand, which was holding the lighted paper, and whirled him around, causing his foot to strike the back step of the car; that his ankle was crushed and other bones and ligaments injured and broken. He states that the headlight of the car, as he held up the paper after having lighted it the second time, blinded him so he could not see. Upon this testimony the trial court sustained a motion to instruct the jury.

It cannot be doubted that in standing so close to the moving car that he was struck thereby appellant was guilty

of contributory negligence which would preclude his re-
covery under the first and third counts of the declaration,
charging general negligence. This is not seriously disputed
by appellant, but it is contended that there being evidence
in the record tending to show willful and wanton negligence
on the part of appellee, the contributory negligence on the
part of appellant, if any, does not bar recovery under the
second count. Willful negligence implies an act intention-
ally done in disregard of another's rights, or an omission
to do something to protect the rights of another after hav-
ing had such notice of those rights as would put a prudent
man upon his guard to use ordinary care for the purpose
of avoiding injury to such other person. (*Walldren Ex-
press Co.* v. *Krug,* 291 Ill. 472; *Chicago West Division
Railway Co.* v. *Ryan,* 131 id. 474.) There is no evidence
in the record tending to show that appellee's servants had
any notice whatever that appellant was standing in a place
of danger, and it cannot be said, under the circumstances
of this case, that the fact that the motorman saw appellant
standing outside the track in the glare of the headlight was
notice that he was not at a sufficient distance from the
track to prevent the car striking his extended hand. This
case is to be distinguished from *Bernier* v. *Illinois Central
Railroad Co.* 296 Ill. 464, relied upon by appellant. In that
case the engineer saw the persons who were injured and
knew they were standing in a dangerous place. Here there
is no evidence that the motorman knew that appellant was
standing in a place where his hand was likely to be struck
by the moving car.

Appellant contends, however, that as he had complied
with the regulations of appellee regarding taking passage
upon the particular car and had a right to assume that the
car would be stopped, as was the practice when signaled,
at a point just west of the highway, the fact that it was
driven past this point without stopping, and at a high rate
of speed, was proof of wanton and willful disregard of

appellee's duties and obligations toward appellant as a passenger, and that such willful and wanton negligence on its part entitles the appellant to recover in this case. We can not agree with this contention. Even though it be said that appellee was guilty of willful and wanton disregard of its duty to permit appellant to take passage as a passenger upon its car in running past the place where it customarily received passengers, such fact does not establish willful and wanton disregard on its part for the safety of appellant but involves disregard of an entirely different right, and it can not be said that because appellee willfully and wantonly disregarded the right of appellant to take passage on the car it was therefore guilty of willful and wanton disregard of his safety. Appellant's own testimony is that the westbound cars stopped on the west side of the highway and that he stood about eight feet west of the west boundary line of the highway. According to this statement, if the car had stopped at its usual place it would have struck him, though with much less force. In order to say that the servants of appellee in this case were guilty of willful and wanton disregard of the safety of appellant it would be necessary to show that they had notice of the dangerous position in which he was standing. In view of the fact that the south edge of the car struck the hand of appellant, it cannot be presumed that the human eye is sufficiently discriminating to have put the motorman upon notice that the hand was extending over the line that would be taken by the south side of the car or that appellant would not take his hand down as the car approached.

We are of the opinion that the record does not contain evidence of willful and wanton negligence as to appellant's safety and that the judgments of the Appellate and circuit courts are correct. The judgment of the Appellate Court will therefore be affirmed.    *Judgment affirmed.*