**Elizabeth B. Stansfield, Appellee, v. Jay T. Wood, Appellant.**

**Gen. No. 7,646.**

1. HIGHWAYS AND STREETS—*when ordinance requiring pedestrians to cross intersections at right angles inapplicable.* In an action for damages for personal injuries received by plaintiff in a collision with defendant's automobile while plaintiff was attempting to cross a city street, an ordinance requiring pedestrians to cross at right angles at street intersections is inapplicable where the evidence shows that the accident in suit did not occur at an intersection but near one.

2. HIGHWAYS AND STREETS—*whether pedestrian looked for approaching vehicles as question of fact.* It is a question of fact for the jury whether or not a pedestrian who was about to cross a city street looked for approaching vehicles before leaving the curb.

3. HIGHWAYS AND STREETS—*failure of pedestrian to look for approaching vehicles before crossing street not negligence per se.* It is a question of fact for the jury to determine, in view of all the surrounding circumstances, whether plaintiff's alleged failure

to look for approaching vehicles before attempting to cross a city street constituted a lack of due care.

4. HIGHWAYS AND STREETS—*when instruction in language of Motor Vehicle Law erroneous.* In an action for damages for personal injuries sustained by plaintiff by being struck by defendant's automobile as she was crossing a city street, it was error to instruct the jury on the question of defendant's alleged negligence in driving at excessive speed, in the language of Motor Vehicle Law, sec. 22, Cahill's Ill. St. ch. 95a, ¶ 23, making speed of more than fifteen miles per hour through the residence portion of city "prima facie evidence" of unreasonable and dangerous speed, in view of the popular misconception of such statute and the inability of the ordinary juror to understand the meaning of "prima facie."

5. HARMLESS AND PREJUDICIAL ERROR—*error in instruction not reversible where result not affected.* The giving of an erroneous instruction in an action for damages for personal injuries sustained as the result of defendant's alleged negligence in the operation of his automobile is not reversible where the instruction in question bore only upon the issue whether he was negligent as charged in a separate count alleging negligence under Motor Vehicle Law, sec. 22, Cahill's Ill. St. ch. 95a, ¶ 23, in driving faster than fifteen miles per hour through the residence portion of a city, and did not bear upon the charge of general negligence under an earlier count, the evidence in support of which showed that he was an experienced driver, operating a new car with brakes in good condition, that he saw plaintiff in time to avoid hitting her if he had had the car under control but that he was driving at such speed that he was unable to stop his machine in time to avoid the accident.

6. EVIDENCE—*when demonstration of result of injury not error.* In a personal injuries action it was not error to permit plaintiff to demonstrate her alleged lack of use of her injured arm where she had testified to its lack of use and was corroborated in that respect by other evidence.

Appeal by defendant from the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding. Heard in this court at the October term, 1923. Affirmed. Opinion filed January 10, 1924.

GEORGE B. GILLESPIE, for appellant; GEORGE M. GILLESPIE and THOMAS E. GILLESPIE, of counsel.

WILLIAM J. LAWLER, for appellee.

MR. PRESIDING JUSTICE HEARD delivered the opinion of the court.

September 24, 1922, appellee was struck by an automobile driven by appellant while she was attempting to cross South Grand avenue, an east and west street of the City of Springfield, near its intersection with Pasfield street, a north and south street. To recover damages for the injuries which she sustained as the result of the collision she brought suit in the circuit court of Sangamon county. Declaration in the case consisted of three counts. The first count charged negligence in the driving and operation of the automobile, the second count charged appellant drove the automobile at a high and dangerous rate of speed and the third count, that the automobile was being driven at a rate of speed in violation of the Motor Vehicle Law. A plea of general issue was filed by appellant and a trial resulted in a judgment for $1,629 damages in favor of appellee against appellant and this appeal has been prosecuted from such judgment.

It is contended by the appellant that the evidence in the record wholly fails to show that appellee exercised reasonable care and caution for her own safety and that it shows that she was guilty of negligence which contributed to bring about the injury.

Appellee had had some difficulty with her eyes and on the morning of the day in question an eye specialist had put some medicine in them, the effect of which was to temporarily affect her vision. She was the owner of an automobile and in the afternoon took a friend for a ride. She stopped her automobile on the south side of South Grand avenue about twenty feet west of Pasfield street and went across the street to a drug store to get a pair of colored glasses. After procuring the glasses she started to return to her car. There was an Essex car parked in front of the drug store on the north side of South Grand avenue facing west. Appellee passed in front of this car and when near the middle of the street the accident occurred.

Appellee testified that after leaving the drug store she stood on the curb for a minute and looked both east and west for possible cars; that she did not see any car coming from the west; that she saw one coming from the east that was nearly a block away at that time and that she then started directly across the street south to her car. Appellant introduced testimony tending to show that appellee did not look in either direction before attempting to cross the street.

Streets in their entirety are for the benefit of the traveling public, pedestrians as well as those traveling in vehicles, so long as the pedestrian is in the exercise of ordinary care for his own safety and for the safety of others, provided such use is not prohibited by some ordinance of statutory law. Appellant introduced in evidence an ordinance of the City of Springfield which provided that: "Pedestrians must cross at right angles in crossing the street at intersections." This accident did not occur at an intersection, but near one, and hence the ordinance in question has no application.

Whether or not appellee looked before leaving the curb was a question of fact for the jury but even if she did not stop and look it cannot be said as a matter of law that the failure to look will bar her recovery. It is a question of fact for the jury to determine, in view of all the surrounding circumstances, whether the failure to look constitutes lack of due care. (*Heidenreich v. Bremner*, 260 Ill. 439; *Winn v. Cleveland, C., C. & St. L. Ry. Co.*, 239 Ill. 132; *Morrison v. Flowers*, 308 Ill. 189.) We are of the opinion that there was sufficient evidence in the record upon which to base the verdict of the jury, that at the time of the accident in question appellee was in the exercise of ordinary care for her own safety and that we would not be warranted in disturbing their verdict on the grounds that it was manifestly against the weight of the evidence.

The court at the request of appellee instructed the jury as follows:

"The court instructs the jury that under the Motor

Vehicle Law of the State it is unlawful for any reason to drive or operate any motor vehicle, designed and used for the carrying of not more than seven passengers or persons, upon any public highway in this State at a rate of speed greater than is reasonable and proper, having regard to the traffic and the use of the way, or so as to endanger the life and limb or injure the property of any person, and if any person shall drive or operate any such motor vehicle upon any public highway at a point when such highway passes through the residence portion of any incorporated city, town or village of this State at a speed greater than fifteen miles per hour, then such rate of speed in excess of fifteen miles per hour shall be prima facie evidence that the person so operating or driving such motor vehicle is running at a speed greater than is reasonable and proper, having regard to the traffic and the use of the way or so as to endanger the life and limb or injure the property of any person.''

The giving of this instruction was erroneous. The only proper use of an instruction is to apply the rules of law to the facts of the case. *Carson, Pirie, Scott & Co. v. Chicago Rys. Co.*, 309 Ill. 346; *People v. Black*, 309 Ill. 354. In *Johnson v. Pendergast*, 308 Ill. 255, it is said: ''It is doubtful whether the ordinary juror would understand the legal meaning of the term prima facie.'' While this instruction is in the language of section 22 of the Motor Vehicle Act [Cahill's Ill. St. ch. 95a, ¶ 23], it is a matter of common knowledge that there is probably no law upon our statute book as to which there is such widespread popular misunderstanding and misconstruction of its terms. There is no speed limit in miles fixed by this section of the statute. This misconstruction is not confined to the ordinary citizen but is shared by many officials as well. It is a matter of common knowledge that upon the outskirts of many of the cities of the State are signs stating a speed limit in miles and that upon our new State highways are signs stating that the speed limit is

thirty-five miles per hour. It does not follow that because a rate of speed in miles is stated in the statute to be prima facie unreasonable and dangerous, that such rate of speed is in fact unreasonable and dangerous in every case or that a lesser rate of speed in every given case is reasonable and not dangerous. A rate of speed of fifty or sixty miles an hour with a heavy, high-powered car, on a cement roadway, in the country where there are no side roads or farm crossings or farm buildings, with no traffic of any kind upon the highway, with a careful driver, might not be unreasonable or dangerous, while a rate of even three miles per hour, upon that same highway, in that same locality, while a flock of sheep or cattle were driven thereon might be an unreasonable and dangerous rate of speed and therefore unlawful.

In *Morrison v. Flowers, supra,* it is said: "The only limitation fixed by the statute is that no person shall drive a motor vehicle 'upon any public highway in this State at a speed greater than is reasonable and proper, having regard to the traffic and the use of the way or so as to endanger the life or limb or injure the property of any person.' What speed is improper and dangerous is left for the courts to determine from the evidence in each particular case." While there is a speed limit in miles provided by section 23 of the Motor Vehicle Act [Cahill's Ill. St. ch. 95a, ¶ 24] for those motor vehicles which are designed and used for pulling or carrying freight and also for those vehicles or motor cars which are designed and used for the carrying of more than seven passengers, there is no speed limit in miles under the laws of this State for those motor vehicles which are designed and used for the carrying of not more than seven persons.

The rule as to what constitutes prima facie evidence as found in this statute is a rule of law for the guidance of the court and not a rule in the law of evidence to be given to the jury. (Chamberlyne on Evidence 994.)

Keeping in mind the popular misconception of this statute and the inability of the ordinary juror to understand the meaning of the words "prima facie," the natural tendency of the ordinary juror in hearing this instruction read would be to believe that the court was instructing them that the rate of speed stated in the statute was a fixed speed limit in miles and that a greater rate of speed was unlawful and therefore negligent. In a case in which the evidence did not show an absolute liability the giving of this instruction would be reversible error. (*Gossage v. City of Litchfield*, 232 Ill. App. ——.)

It is not every error, however, which will justify a reversal. To justify a reversal on account of error, it must appear from the record that upon another trial, if the same error does not intervene, a different result might be expected so that the error would deprive the defendant of some substantial legal right. Where it can be said from the record that the error assigned could not reasonably affect the result of the trial, the judgment of the trial court should be affirmed. (*People v. Heard*, 305 Ill. 319; *People v. Weir*, 295 Ill. 268.)

The erroneous instruction in question did not go to the merits of the entire case but only had a bearing upon whether or not appellant was guilty of negligence under the third count of the declaration by reason of a violation of section 22 of the Motor Vehicle Act [Cahill's Ill. St. ch. 95a, ¶ 23] and in no way affected the issue under the first count of the declaration which charged negligence in the driving and operation of the automobile.

The evidence shows that defendant has been a practicing physician since 1912 and that he has driven an automobile since that time; that he had eleven cars of different makes since that time; that he was driving a seven-passenger Studebaker on the day of the accident; that he was showing some visiting members of the Order of Eagles points of interest of the city; that he was driving his automobile west on South

Grand avenue towards Washington Park; that about four blocks east of Pasfield street the tracks of the C. & A. Ry. Co. intersect South Grand avenue; that as he approached the railroad crossing the gates of the railroad were being raised; that at the crossing he sped by and passed some cars; that a motorcycle policeman who was on duty turned in after him and trailed him until the time of the accident. Appellant testified that as he approached Pasfield street he saw a woman coming out of a drug store and start down from the store towards the car standing in front of the drug store; that he was about at the east side of Pasfield street as it comes into South Grand avenue; that he slowed down on account of the two cars; that he saw a lady coming out from the front of the car that was parked at the drug store; that he was probably half way across the intersection; that he sounded his horn and applied his brakes and swerved the car; that at the time he blew his horn, put on his brakes and swerved the car she was ten or twelve feet, probably, if not a little further, distant. Joseph Creedum, who was sitting in the front seat with appellant, was called as a witness for appellant and testified that at the time appellee stepped out in front of the car into the street they were about the middle of Pasfield street crossing the intersection; that appellee walked into the rear of the car and must have hit the fender; that they carried the lady back about fifteen, eighteen or possibly twenty feet from where she fell. The evidence of all the eyewitnesses is to the effect that after the accident appellee was lying some distance in the rear of the appellant's car.

A person operating a motor vehicle along the streets of the city is bound to recognize the fact that people will sometimes attempt to cross the street unmindful of its dangers, and he owes to the public the duty of exercising ordinary care to have his car under reasonable control so as to avoid injury to pedestrians using

reasonable care in attempting to cross the street. We are of the opinion that all reasonable jurors will agree that a driver, with the experience of appellant, driving a car with new brakes on the rear wheels, so well adjusted that when applied they made a loud noise, would have stopped the car in a much less distance if he had exercised due care to have his car under proper control as he approached the place in question, and that when the evidence in the case is all considered in its aspect most favorable to appellant, it shows that appellant, upon the occasion in question, carelessly and negligently drove and operated his automobile and that he was guilty of the negligence charged in the first count of appellee's declaration and that the injuries to appellee were the result of such negligence. In *Morrison v. Flowers, supra,* it is said: ''In order to make a negligent act the proximate cause of an injury it is not necessary that the particular injury and the particular manner of its occurrence could reasonably have been foreseen. If the consequences follow in unbroken sequence from the wrong to the injury without an intervening efficient cause, it is sufficient if at the time of the negligence the wrongdoer might by the exercise of ordinary care have foreseen that some injury might result from his negligence. (*Illinois Cent. Ry. Co. v. Siler,* 229 Ill. 390.)''

It is contended that the trial court erred in permitting appellee to demonstrate her alleged lack of use of her injured arm. She testified to its lack of use and in this was corroborated by other evidence. There was no error in this respect. (*Swalm v. City of Joliet,* 219 Ill. App. 123.) In *People v. Black, supra,* it is said: ''Where a verdict is in accordance with all the evidence and the jury could not have found otherwise, errors which could not have reasonably affected the verdict will not call for a reversal.''

In *People v. Murphy,* 276 Ill. 304, it is said: ''It should not be and is not the policy of this court to re-

verse a judgment merely because error has been committed, unless it appears that real justice has been denied thereby or that the verdict of the jury or the judgment of the court may have resulted from such error.''

We are of the opinion that the liability of the defendant was so clearly established by the evidence that no different result could be expected on another trial and that therefore the judgment ought not to be reversed. (*People v. Spaulding,* 309 Ill. 292; *People v. Lloyd,* 304 Ill. 23.)

The judgment is affirmed.

*Affirmed.*