## Ben H. Harris, Appellee, v. Piggly Wiggly Stores, Inc., Appellant.

### Gen. No. 29,754.

1. HIGHWAYS AND STREETS—*when wilful and wanton negligence in operation of motor truck not charged.* Wilful and wanton negligence was not charged in an action for damages resulting from defendant's truck striking plaintiff at a street intersection by a count charging that defendant's servant wantonly and wilfully drove, managed and operated the truck at a reckless and dangerous rate of speed in violation of a statute and that, in consequence of such wilful conduct, plaintiff sustained injuries, but not charging that the driver knew of the dangerous position of plaintiff or that the injury inflicted was wanton or wilful.

2. PLEADING—*when defective declaration for wilful and wanton negligence not cured by verdict.* Failure of a declaration attempting to charge wilful or wanton injury to contain the material allegation of knowledge of plaintiff's dangerous position or that the injury was wilfully or wantonly inflicted is not cured by verdict.

3. SAVING QUESTIONS FOR REVIEW—*how fatal deficiency in declaration availed of.* When a statement of a cause of action is so defective that it will not sustain the judgment objection may be availed of on motion in arrest in the trial court or on error in the Appellate Court.

4. HIGHWAYS AND STREETS—*when finding of wanton and wilful negligence in operation of motor truck not sustained by evidence.* A finding that defendant, in an action for an injury to a pedestrian by defendant's truck, wilfully injured plaintiff was not justified where the evidence tended to show that it was daylight and there was very little traffic at the time of the injury, that plaintiff's truck slowed down as it neared the intersection and then proceeded upon signal of the traffic officer, that defendant's truck was in plain sight of plaintiff and was proceeding at a speed estimated

at from three to twenty-five miles an hour by witnesses and that, though plaintiff heard the officer's signal, he proceeded to cross and was struck by the truck at a point back of the driver's seat and on the opposite side from the driver.

5. APPEAL AND ERROR—*necessity to set out criticized instructions in record.* Criticized instructions should be set out in whole or in part in the brief instead of being referred to by number only.

6. HIGHWAYS AND STREETS—*instruction as to excessive speed in language of Motor Vehicle Act erroneous.* The provision in Cahill's St. ch. 95a, ¶ 23, of the Motor Vehicle Act, that if anyone operates a vehicle through a closely populated portion of a city at a rate of more than ten miles per hour "such speed shall be *prima facie* evidence that the person so operating such vehicle is running at a rate of speed greater than is reasonable and proper" is a rule of law for the guidance of the court only and instructing the jury in the words of the statute constitutes reversible error.

7. NEW TRIAL—*when newly discovered evidence material.* Where the testimony of plaintiff in an action for personal injuries gave the impression that because of the injuries he was forced to resign from his position and accept one at a much smaller salary, newly discovered evidence presented in the affidavit for a new trial that plaintiff's resignation was due to a change of ownership and not to plaintiff's injury, was material.

Appeal by defendant from the Circuit Court of Cook county; the Hon. PHILIP L. SULLIVAN, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1924. Reversed and remanded. Opinion filed April 13, 1925.

GEORGE C. BLISS, for appellant.

JOSEPH D. RYAN, PHILIP ROSENTHAL and BUSBY, WEBER, MILLER & DONOVAN, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

June 21, 1921, plaintiff, while attempting to cross Wabash avenue, walking westerly on the north crosswalk at Harrison street in Chicago, was injured by a northbound motor truck belonging to defendant and operated by one of its employees. He sued for damages and upon trial had a verdict for $15,000. From the judgment thereon defendant appeals.

The principal points urged for a reversal are that the case was tried upon the theory that defendant wantonly and wilfully injured plaintiff, whereas the two counts attempting to state this as a cause of action are substantially defective and state no cause of action; that there was no evidence that defendant wantonly and wilfully injured plaintiff, and it was reversible error, by giving and refusing certain instructions touching plaintiff's contributory negligence, to take away this defense and to authorize exemplary damages.

The first and second counts are the usual counts alleging negligent operation. The third and fourth counts undertake to charge wanton and wilful infliction of injury. In the third count it was alleged that while plaintiff was crossing the intersection of Harrison and Wabash, defendant, through its servant, "so wantonly and wilfully drove and propelled the said motor truck northward in said Wabash avenue, as aforesaid, upon and across and over the intersection of the said highways, as aforesaid, that by means of the premises the said motor truck ran upon and against and struck the plaintiff with great force and violence as a direct result and in consequence of the wilful and wanton conduct of the defendant, the plaintiff sustained injuries and damages," etc. In the fourth count it was alleged that while plaintiff was walking westward in Harrison street across Wabash avenue, the defendant, through its servant, "wantonly and wilfully drove, managed and operated the said motor truck at such a high, reckless and dangerous rate of speed, at the rate of, to wit, twenty-five miles an hour, contrary to and in violation of the provisions of the statute of the State of Illinois concerning the speed of motor vehicles within the limits of any incorporated city, town or village, as amended, that by means of the premises, the said motor truck ran upon and against and struck the plaintiff with great force

and violence, and as a direct result and in consequence of the wilful and wanton conduct of the defendant, as aforesaid, the plaintiff, then and there, sustained injuries and damages," etc. These counts omit any allegation that defendant's servant knew of the dangerous position of plaintiff or that the injury inflicted was wanton or wilful. The words "wanton," "wantonly," "wilful," "wilfully," express the same thing in this connection. *Walldren Express & Van Co. v. Krug,* 291 Ill. 472. In Thompson on Negligence, vol. 6, sec. 7465, it is said:

"Generally, a complaint alleging injury by the gross negligence of defendant without alleging that the injury was inflicted wilfully, wantonly, or through malice will not suffice to charge wilful negligence. Wilful injury must be averred, and a complaint which charges simple negligence merely will not allow proof of this grade of negligence, the characteristic of which is, that a recovery may be had notwithstanding contributory negligence. * * * the complaint should aver knowledge on the part of defendant."

In *Covert v. Rockford & I. Ry. Co.,* 299 Ill. 288, it was held that defendant's knowledge that plaintiff was in a place of danger was essential to recovery in an action for wilful negligence. In *Southern Ry. Co. v. Weatherlow,* 153 Ala. 177, it was held that a count that defendant's servants wantonly and recklessly propelled an engine, and omitted to charge that the injury was wantonly inflicted and that defendant's servants had knowledge or consciousness on their part that their conduct would likely result in injury, did not state a cause of action of wilful negligence. In *Woodward Iron Co. v. Finley,* 189 Ala. 634, it was held that no cause of action for wilful negligence was stated where it was not averred that the defendant had knowledge of plaintiff's position, but merely characterizes the act and not the injury as wilful.

"In order to charge defendant with a wilful or wanton injury it is necessary to allege that such in-

jury was intentionally and wittingly done.  *  *  *
Where the facts alleged do not show that it was the in-
tention of defendant to inflict an injury, the charac-
terization of the act as wilful will not make the com-
plaint good as charging wilful negligence. It has been
generally held that wilful injury is not charged by al-
legations that the act was committed recklessly, wan-
tonly, purposely, wrongfully or unlawfully.'' 29 Cyc.
574.

"Wilful, wanton, malicious or intentional conduct
is not properly speaking within the meaning of the
term 'negligence.' Wilfulness or wantonness im-
ports premeditation or knowledge and consciousness
that injury will result from the act done, whereas
'negligence' conveys the idea of inadvertence as dis-
tinguished from premeditation or formed intention.''
20 R. C. L., sec. 15.

Other cases holding that plaintiff must aver knowl-
edge on the part of defendant and that the injury
was wilfully inflicted are: *Sherfey v. Evansville &
T. H. R. Co.*, 121 Ind. 427; *Thrift v. Vandalia R. Co.*,
145 Ill. App. 414; *Enochs v. Trevett*, 229 Ill. App. 235;
*Burns v. Chicago & A. R. Co.*, 229 Ill. App. 170; *Chi-
cago & E. I. R. Co. v. Hedges*, 105 Ind. 398.

Ill will and intention to injure are not necessary
elements of a wilful act. To constitute a wilful act
the party must be conscious of his conduct and, from
his knowledge of surrounding circumstances and condi-
tions, that his conduct will naturally and probably re-
sult in injury. An intentional disregard of a duty
known, or which should have been known, necessary to
the safety of another, is wilful conduct. *Walldren Ex-
press & Van Co. v. Krug*, 291 Ill. 472; *Bernier v. Ill-
inois Cent. R. Co.*, 296 Ill. 464; *Jeneary v. Chicago &
I. Traction Co.*, 306 Ill. 392. In such cases, however,
it was averred that defendant knew of plaintiff's
position and wilfully ran into or injured him. The
counts in the instant case contain no such averments.
The third simply avers in general terms that defend-

ant's servant wilfully drove and propelled the motor truck northward in Wabash avenue over the street intersection, and the fourth count alleged that the defendant's servant wilfully drove the truck at twenty-five miles an hour, contrary to the statute. They do not state a cause of action for wilful and wanton infliction of injury, for the very essence of such a charge is lacking, namely, injuring another through volition, with knowledge actual or implied.

This is not a case of defectively stating a cause of action, for material allegations necessary to entitle plaintiff to recover on these counts are omitted, and this failure is not cured by verdict. *Foster v. St. Luke's Hospital,* 191 Ill. 94.

Where a statement of a cause of action is so defective that it will not sustain the judgment, objection may be availed of on motion in arrest in the trial court or on error in the Appellate Court. *Gerke v. Fancher,* 158 Ill. 375; *Chicago & E. I. R. Co. v. Hines,* 132 Ill. 161; *Chicago & A. R. Co. v. Clausen,* 173 Ill. 100; *City of Chicago v. Lonergan,* 196 Ill. 518; *Sargent Co. v. Baublis,* 215 Ill. 428.

The evidence tended to show that at the time of the accident, 5:50 p. m., it was daylight; that there was then very little traffic at Harrison and Wabash, and no pedestrians, except plaintiff and one other, were crossing Wabash avenue at this point. Defendant's truck was coming north on Wabash, and as it approached Harrison slowed down, as the traffic was going east and west. Three witnesses say that at this time the speed was from three to seven miles an hour. Plaintiff says that as he started westward to cross on the north crosswalk of Harrison he looked to the south and did not see anything coming from that direction, although it is not disputed that defendant's truck was in plain sight and there was nothing to interfere with plaintiff's view of it. When he was about two or three steps from the east rail

of the northbound car track, the police officer on duty there gave the traffic signal for the north and south bound traffic to proceed and beckoned to defendant's driver to come ahead. At this time, the driver says, he saw a man on the northeast corner. Defendant's truck then proceeded northward across the intersection, running on the easterly car tracks, the police officer says at a speed of about ten miles an hour. The driver of the truck and his helper say that it was slower than this. Another witness, a pedestrian, estimated the speed as twenty to twenty-five miles an hour. Plaintiff says that he heard the traffic whistle, understood what it meant, and again looked towards the south and saw nothing, and then continued across Wabash, going westward, and when he reached the east rail of the car track he saw the truck coming and attempted to jump back, but before he could escape he was struck. The driver of the truck was on the left-hand side of the truck. He says that there was no person in front of him nor did he see anyone crossing the northbound car track. Plaintiff was not struck by the front of the truck, but came in contact with it behind the cab or front seat. As there must be another trial, we do not amplify or comment upon the occurrence.

Defendant's driver may or may not have been guilty of negligence, but the evidence is not sufficient to justify a finding that defendant wilfully injured plaintiff.

Defendant's counsel criticize a number of instructions. They are referred to in the brief by number only, leaving it for the court to find them in the abstract or record. It would materially assist us to have the criticized instructions or a portion thereof in the brief, so that we may readily pass upon the objections. *General Platers Supply Co. v. L'Hommedieu & Sons Co.*, 228 Ill. App. 201.

In the view we have heretofore given, instructions

predicated upon the sufficiency of the third and fourth counts should not have been given and defendant should have been permitted to present the defense of contributory negligence with appropriate instructions.

Instruction number 7 is substantially a portion of paragraph 23, Cahill's St., of the Motor Vehicle Act, ch. 95a; that if anyone operates a vehicle through a closely populated portion of a city at a greater rate of speed than ten miles an hour, "such speed shall be *prima facie* evidence that the person so operating such vehicle is running at a rate of speed greater than is reasonable and proper." In *Stansfield v. Wood,* 231 Ill. App. 586, opinion by Mr. Justice Heard, the giving of this instruction was held to be erroneous. It was also criticized in *Johnson v. Pendergast,* 308 Ill. 255, on the ground that it was doubtful whether the ordinary juror would understand the legal meaning of the term *"prima facie,"* and that the instruction was equivalent to advising the jury that if defendant violated the statute, negligence was proved. While the facts in these cases are different from those before us, they both hold that the rule as to what constitutes prima facie evidence as found in this statute is a rule of law for the guidance of the court, and not a rule in the law of evidence to be given to the jury. (Chamberlayne on Evidence, 994.) Ordinarily the giving of an instruction in the language of the statute is proper; but, following the above-cited cases, we hold that the giving of this instruction in this case was reversible error.

Plaintiff, testifying as to his injuries, gave the impression that because of these he had been forced to resign from his position as manager of a railroad, where he received a salary of $9,000 year, and to accept another position at $5,000 a year. Upon motion for a new trial an affidavit was presented tending to show that plaintiff did not leave his position with this railroad because of any physical injury,

but because the stock of this railroad was purchased by another railroad which placed its own employees in management and control of the purchased road. This newly discovered evidence was material as touching upon the extent of plaintiff's injuries.

For the reasons above indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

MATCHETT and JOHNSTON, JJ., concur.