## Fred Johnson, Appellee, v. Mildred Duke, Appellant.

## Gen. No. 7,700.

1. MOTOR VEHICLES—*sufficiency of evidence of negligent operation.* A
verdict for plaintiff in an automobile collision case was justified under
evidence that he had entered a road crossing before defendant, ap-
proaching on the intersecting road at a high rate of speed with the
view obstructed by a hedge, had reached the crossing, although the
evidence was conflicting.

2. MOTOR VEHICLES—*assumption by driver having right of way.* An
automobile driver having the right of way on a road crossing has a
right to assume that an automobilist approaching on the intersecting
road will respect his right, even though such right does not relieve
him from using due care.

3. MOTOR VEHICLES—*duty not to interfere with driver having right
of way.* Where an automobile driver is approaching a road crossing
with due care and has the right of way, the driver of an approaching
car on the intersecting road owes a duty to approach with sufficient
care to permit the other to exercise his right of way.

4. HARMLESS AND PREJUDICIAL ERRORS—*erroneous instruction not
justifying reversal.* Error in granting an instruction for plaintiff in
an automobile collision case, to the effect that speed in excess of a
statutory limit is prima facie evidence of negligence, will not cause a
reversal where it does not appear that a different verdict would be
rendered in the absence of the erroneous instruction.

Johnson v. Duke, 247 Ill. App. 372.

Appeal by defendant from the Circuit Court of Warren county; the Hon. WALTER C. FRANK, Judge, presiding. Heard in this court at the October term, 1926. Affirmed. Opinion filed December 28, 1927. Rehearing denied February 6, 1928.

L. H. HANNA, for appellant.

MURPHY & KRITZER, for appellee.

MR. JUSTICE JONES delivered the opinion of the court.

Fred Johnson recovered a judgment for $1,750 against appellant, Mildred Duke, for damages growing out of a collision between a Ford truck driven by him and a Cadillac touring car driven by appellant. The first count of the declaration charged general negligence. The second count charged appellant with operating her car at a rate of speed greater than was reasonable and proper having regard for the traffic and use of the way. The third count charged appellant with operating her car at a rate of speed greater than was reasonable, at a place on the highway where her view was obstructed.

The collision occurred at the intersection of two highways about 7:30 o'clock on the morning of July 28, 1923. Miss Duke was seventeen years old and with four young lady companions was driving east from Monmouth to Galesburg on a dirt road located about one mile north of the village of Cameron in Warren county. Johnson was driving north on the highway which runs north from Cameron and intersects the road on which appellant was driving. The highways were four rods wide and had smooth, well beaten paths on either side of the center. A hedge fence extended from the southwest corner of the intersection both west and south for several rods and obstructed the view of persons approaching the intersection either from the west or from the south. Appellee's truck weighed about a ton and was equipped with a tank filled with gasoline of about the same weight. Appel-

lant's car weighed about 4,300 pounds. The collision occurred a little north and east of the center of the intersection of the two highways. Appellee was thrown from his truck and after the collision was found in an injured and dazed condition. The truck was turned over, badly demolished and was lying about 12 feet northeast of the center of the intersection, headed northwest.

The condition of the truck after the accident showed it had been struck with great force from the left side and near its front end. The Cadillac car was upside down in the ditch close to the hedge on the north side of the east and west road at a point about 73 feet east of the center of the intersection. A number of witnesses testified to having seen marks, as if made by sliding wheels of a car, on the highway west of the point where the collision occurred. These marks extended west 71 feet parallel with and near the center of the east and west road. The right rear door of appellant's car had a slit or hole punched in it about two inches long. The right rear side of the tonneau was caved in. The right rear fender was flattened up against the body and three or four spokes were broken in the right rear wheel.

The only direct evidence as to the speed of appellant's car was her own testimony which was to the effect that before she reached the intersection, she was driving about 35 miles an hour, and when she entered the intersection she was driving 20 miles an hour. She admitted that she did not look at the speedometer on her car and that her testimony as to rates of speed was based only on her judgment. She testified that she began sounding the horn and putting on the brakes about 100 or 150 feet from the corner. She also testified that appellee did not sound his horn as he approached the intersection.

Appellee's truck was geared to a maximum speed of 18 miles per hour when empty. He passed a team

and wagon about 500 feet south of the intersection and the evidence tends to show he was then traveling between 12 and 15 miles an hour and that he sounded his horn before entering the intersection. He testified that he also sounded his horn four or five rods south of the intersection and that he slowed down to about eight miles an hour as he attempted to cross the intersection. He further testified that when the front of his truck reached the intersection, he looked east and west and could see down the road west a distance of 50 to 75 yards; that he did not see anything and proceeded into the intersection.

Appellant's testimony as to when and where she first saw Johnson is somewhat confusing. On direct examination she testified that when she reached the corner of the intersection he was about 50 feet back. On cross-examination she stated that when she reached the west line of the intersection, it seemed appellee was coming off the road right on to her; that she didn't see him until he was almost in the center of the road, because she could not see anything until she got up there; that she did not see him until she was near the middle of the intersection and that the minute she passed the hedge she saw him and it seemed to her he was in the center of the road about 50 feet south of the south line of the intersection.

We think the evidence fairly tends to show appellant was driving at a reckless and dangerous rate of speed; that when she was a short distance west of the intersection she first saw appellee within the intersection and then applied her brakes, sliding the wheels of her car a considerable distance before the impact; that she was travelling so fast she could not stop and her car struck the truck on the left side in front of the driver's seat, sprung the frame to the right, demolished the cab, crushed the left front wheel and fender, hurled the wreckage, and ran about 68 feet farther where it overturned in the ditch. One of the

occupants of the wagon which appellee passed heard the crash and testified that he looked immediately and saw the truck settling on the ground, and that the other car looked like it was going through the air. Another witness who was about half a mile away testified that he heard the collision and that it looked like one of the cars was up in the air coming down.

Appellant claims the truck ran into her car, striking it in the rear door. She was corroborated by one of the girls who was riding with her. Some of the evidence is conflicting but the undisputed physical facts give much support to the claims of appellee. Under the facts and circumstances shown to have surrounded the collision the jury was warranted in finding that appellant was guilty of the negligence charged and that such negligence was the proximate cause of the collision and injury. We think the weight of the evidence shows that appellee had entered the intersection before appellant reached the west side of it, and that she was driving at a high and dangerous rate of speed at a place where her view was obstructed. Under the circumstances appellee had the right of way. While this right would not relieve him from the duty of exercising due care, he was entitled to assume that persons approaching on his left would observe the law and respect his right. (*Partridge v. Eberstein,* 225 Ill. App. 209.)

The record does not show that appellee was guilty of contributory negligence as claimed by appellant, but on the contrary it shows that he was in the exercise of due care and caution for his own safety and that of his truck at and prior to the time of the accident. Appellant owed him the duty to approach with sufficient care to permit him to exercise his right of way. (*Partridge v. Eberstein, supra; Zapf v. Kutten,* 229 Ill. App. 406; *McCarthy v. Fadin,* 236 Ill. 300; *Fisher v. Johnson,* 238 Ill. 25.)

Several assignments of error are based on instructions given on behalf of appellee and on the modification of a number of appellant's instructions, but only one is urged. It is directed against appellee's seventh instruction. This instruction told the jury that under the statute, if a person drives an automobile, designed and used for carrying not more than seven passengers upon a public highway outside the limits of an incorporated city, town or village at a rate of speed to exceed 35 miles an hour, such rate of speed shall be prima facie evidence that the person operating such motor vehicle was travelling at a rate of speed greater than was reasonable and proper having regard to the traffic and use of the way, or so as to endanger the life or limb or injure the property of any person. Because of the holding in *Johnson v. Pendergast,* 308 Ill. 255, this instruction should not have been given. But to justify a reversal on account of error it must appear from the record that upon another trial, if the same error does not intervene, a different result may be reasonably expected. Where it can be said from the record that the error assigned could not reasonably affect the result of the trial, the judgment of the trial court should be affirmed. *Stansfield v. Wood,* 231 Ill. App. 586; *Ehrenheim v. Yellow Cab Co.,* 239 Ill. App. 403; *People v. Weir,* 295 Ill. 268; *People v. Heard,* 305 Ill. 319.)

We hold the evidence so clearly establishes the negligence and liability of appellant, as charged in the declaration, that the result could not be different upon another trial if the instruction complained of were omitted. The judgment of the circuit court is affirmed.

*Judgment affirmed.*