## John Stamas, by Gust Stamas, Appellee, v. George H. Waskow, Appellant.

### Gen. No. 32,800.

Opinion filed November 19, 1928. Rehearing denied December 3, 1928.

KIRKLAND, FLEMING, GREEN & MARTIN, for appellant; WEYMOUTH KIRKLAND, JAY FRED REEVE and WILLIAM H. SYMMES, of counsel.

FINN & MILLER, for appellee; FRANK JOHNSTON, JR., of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

In an action to recover damages for personal injuries received when struck by defendant's truck, plain-

tiff had a verdict for $5,000. From the judgment thereon defendant appeals.

The declaration alleged generally the negligent operation of defendant's truck by one of his servants and the violation of the Motor Vehicles Act, Cahill's St. ch. 95a, with reference to speed. Defendant filed the general issue.

The accident happened in Chicago shortly after two o'clock in the afternoon of June 25, 1926, as plaintiff was going eastward on the north side of Harrison Street, which runs east and west, across the entrance of an alley which runs north from Harrison. This alley is about opposite the entrance of Morgan Street where it comes from the south into Harrison Street. There is a jog in Morgan Street and the alley continues northward from Harrison Street. There are street-car tracks on Harrison and immediately west of the alley, fronting south on Harrison, is a grocery store.

Defendant's truck, going north, was moving into the alley from Harrison Street when the left front fender of the truck hit the plaintiff and the left front wheel passed over his leg. The truck was an autocar of two and a half tons capacity and had a load of from 75 to 80 tubs of butter weighing about 72 pounds each. There were no side curtains. The driver, Fandre, was 35 years old and had been driving a truck for 15 or 20 years. When the accident occurred the truck turned eastward and the right front wheel hit the edge of the curb on the east side of the sidewalk and stopped there. There is some evidence that it struck a post which was about 6 feet in the alley.

It was the theory of the defense that the plaintiff was teasing some chickens which were in a coop in front of the grocery store adjacent to the alley, and the owner coming out of the store chased plaintiff and another boy who was with him; that plaintiff ran quickly eastward directly into the approaching truck.

There was conflicting testimony as to the speed of the truck as it crossed Harrison Street. One witness for the plaintiff testified that it was going about 15 or 20 miles an hour. The driver of the auto testified that he came north on Morgan Street into Harrison; that he then stopped his truck to allow a street car on Harrison Street to pass to the east; that he then started his truck and crossed the tracks, sounding his horn; that he saw two children playing with the chicken coop on the sidewalk on the northwest corner of the alley in front of the grocery store; that, as he was crossing the street-car tracks he was going about 2 miles an hour and that after he had crossed the north track he was going from 5 to 7 miles an hour and that this was his speed as he went into the alley across the crosswalk.

A witness, who was disinterested, gave testimony tending to confirm that of the driver. This witness also gave definite testimony that two boys were teasing the chickens in front of the grocery store and the owner of the store came out and chased them away; that one of the boys ran to the west and the other to the east and was struck by defendant's truck. Defendant's driver also testified that he saw the man come out of his store and chase the two boys away from the chicken coop; that one of them, the plaintiff, ran to the east and the driver in attempting to avoid him turned to the east and pulled his emergency brake, stopping with his bumper within one foot of the building line. A number of witnesses testified that after the accident the truck was virtually at or near the entrance to the alley.

It is not without significance that plaintiff, who was 7 years old at the time of the accident and 9 years old at the time of the trial, did not testify although present in court.

The case was a close one on the facts. There was impressive testimony tending to support defendant's version that plaintiff, in avoiding the pursuing storekeeper who was chasing him from the chickens, ran

quickly into the pathway of the truck and that defendant's driver did all that was reasonably possible to avoid the accident.

In a close case it is necessary that the instructions given to the jury should not have a tendency to mislead it. At the request of the plaintiff instruction No. 1 was given to the jury, which incorporated the language of the Motor Vehicles Act (Cahill's St. ch. 95a, ¶ 23):

"The court instructs the jury that at the time and place in question there was then and there in force a certain statute of the State of Illinois, which is as follows:

" 'No person shall drive a motor vehicle or motor bicycle upon any public highway in this State at a speed greater than is reasonable and proper, having regard to the traffic and use of the way or so as to endanger the life or limb or injure the property of any person. If the rate of speed of any motor vehicle or motor bicycle operated upon any public highway in this State where the same passes through the closely built up business portions of any incorporated city, town or village exceeds ten (10) miles an hour, such rate of speed shall be *prima facie* evidence that the person operating such motor vehicle or motor bicycle is running at a rate of speed greater than is reasonable and proper, having regard to the traffic and use of the way, or so as to endanger the life or limb or injure the property of any person.' "

The giving of this instruction has been held to be erroneous. *Stansfield v. Wood,* 231 Ill. App. 586. We are in accord with what is said in this opinion as to the tendency of this instruction to mislead the jury into concluding that, if it believed that the speed of the vehicle exceeds 10 miles an hour, it must find, regardless of the surrounding circumstances, that the plaintiff has proved the charge of operation of the vehicle at a rate of speed greater than is reasonable and proper.

"What speed is improper and dangerous is left for the courts to determine from the evidence in each particular case." *Morrison v. Flowers,* 308 Ill. 189.

In *Stansfield v. Wood,* 231 Ill. App. 586, it is said: "The rule as to what constitutes prima facie evidence as found in this statute is a rule of law for the guidance of the court and not a rule in the law of evidence to be given to the jury. (Chamberlyne on Evidence 994.)"

This division of this court has also held the giving of this instruction reversible error in *Harris v. Piggly Wiggly Stores, Inc.,* 236 Ill. App. 392.

Where a case does not turn on the question of speed, or where the facts, regardless of any instruction, show an absolute liability, we would not reverse solely on the ground that this erroneous instruction was given. Such a case seems to have been under consideration in *Leideck v. City of Chicago,* 248 Ill. App. 545, where the court said that the evidence was so conclusive of negligence that the jury could not have been misled by the instruction, but it has been held in *Gossage v. Litchfield Creamery Co.,* 232 Ill. App. 643, that in a case in which the evidence did not show an absolute liability, the giving of this instruction was reversible error.

We have considered the able brief written by counsel for the plaintiff and the cases cited therein upon this point, but they do not dissuade us from the opinion that in a case like the instant one, which turns almost solely upon the question of the speed of the vehicle, the giving of the instruction in question is reversible error.

For the reasons above indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

O'CONNOR, P. J., and MATCHETT, J., concur.