George H. Riddle, Defendant in Error, v. A. J. Mansager and William Streede, Plaintiffs in Error.

Gen. No. 8,020.

Opinion filed August 5, 1929.

GEORGE R. WARNER, for plaintiffs in error; D. J. PEFFERS, of counsel.

MIGHELL, GUNSUL & ALLEN, for defendant in error.

MR. JUSTICE JONES delivered the opinion of the court.
Plaintiff was injured in a collision between two automobiles, one of which was operated by plaintiff in error, William Streede, and the other by his codefend-

ant, A. J. Mansager. The collision occurred at the intersection of Bevier Place and North Avenue in a residential section of the City of Aurora, at about 8:30 o'clock p. m. on October 28, 1925. In an action brought by plaintiff, a judgment was rendered in his favor and against the defendants for $5,000. A writ of error is prosecuted to reverse that judgment.

Plaintiff and defendant Streede were employed at a factory in the southwest part of Aurora. Upon finishing their day's work, they and three other employees got into Streede's car, upon his invitation, for the purpose of riding to their respective homes. Mansager was employed at another factory. At the time of the accident, Streede's car was proceeding east on North Avenue and Mansager was driving north on Bevier Place. Streede was driving a Chevrolet touring car with the curtains in place. Mansager's car was a Ford coupe. Streede's car entered the intersection first and was at least two-thirds of the way across the intersection when the collision occurred. The testimony tends to show that the car driven by Mansager struck the Streede car at the right rear wheel, spun it around once or twice, and then the Streede car finally turned over at a point east of the intersection. Mansager's car came to a stop and turned over on its left side at the northeast corner of the intersection. All the occupants of Streede's car, except the driver, were injured. Plaintiff suffered a fracture of the skull.

There is evidence in the record tending to show that both cars were traveling at a greater rate of speed than 15 miles an hour. There is also evidence that they were traveling under that rate of speed. Plaintiff in his testimony attempted to exonerate Streede, and testified that he was not going fast; that his speed was about 18 miles per hour; that he had no fault to find with the way Streede was driving, and made no objection to it. Mansager testified that Streede's car

was 70 to 75 feet west of the center of the intersection when he first saw it, and that his own car was then 60 to 65 feet south of the same point; that he was traveling at the rate of about 15 miles per hour and that Streede was traveling 30 to 35 miles per hour.

With the record in this condition on the question of speed, the court instructed the jury that where the speed of an automobile operating through the residence portion of a city exceeds 15 miles per hour, such rate of speed shall be prima facie evidence that the person operating the same is running at a rate of speed greater than is reasonable and proper having regard to the traffic and use of the way or so as to endanger the life or limb or injure the property of any person. This instruction has been repeatedly condemned, because it is inapplicable to any case in which testimony has been offered denying or tending to deny that the rate of speed exceeded 15 miles per hour through the residence portion of a city, or that the car was being operated at a rate of speed greater than was reasonable and proper having regard to the traffic and use of the way or so as to endanger the life or limb or injure the property of any person. In this case there was testimony offered on behalf of defendants tending to show that they had not operated their respective automobiles in violation of the statute. When that evidence was produced, the prima facie case disappeared and no instruction should have been given as to what constitutes a prima facie case, or what is its effect. (*People v. Pederson,* 248 Ill. App. 462; *Johnson v. Pendergast,* 308 Ill. 255; *Grosh v. Acom,* 325 Ill. 474; *People v. Tate,* 316 Ill. 52; *People v. Sikes,* 328 Ill. 64; *Beard v. Haskell Park Building Corp.,* 248 Ill. App. 467; *Stamas v. Waskow,* 250 Ill. App. 364; *Stansfield v. Wood,* 231 Ill. App. 586.)

The above authorities make it necessary to reverse the judgment in this case, but inasmuch as the cause may be tried again, we deem it advisable to point out

errors in three other instructions. The first instruction referred to was given on behalf of plaintiff; the second was given on behalf of the defendant Mansager; and the third was given on behalf of the defendant Streede.

The first instruction given on behalf of plaintiff stated that if the jury believed the evidence preponderated in his favor, although but slightly, it would be sufficient for them to find the issues in his favor. The giving of this instruction has not been held to be reversible error, but the courts have condemned the use of the words ''although but slightly'' and other qualifying words in connection with the words ''preponderance'' and ''proof'' when used in instructions. (*Teter v. Spooner*, 305 Ill. 198; *Reivitz v. Chicago Rapid Transit Co.*, 327 Ill. 207; *Molloy v. Chicago Rapid Transit Co.*, 335 Ill. 164.)

One of the principal questions in the case is who had the right of way in the intersection, and on behalf of defendant Mansager, the court instructed the jury in the language of the statute [Cahill's St. ch. 95a, ¶ 34], that motor vehicles traveling upon public highways shall give the right of way to vehicles approaching along intersecting highways from the right and shall have the right of way over those approaching from the left. The statute does not authorize such assertion of the right of way regardless of circumstances, distance, or speed. It was error to give the instruction without proper qualification. (*Munns v. Chicago City Ry. Co.*, 235 Ill. App. 160; *Heidler Hardwood Lumber Co. v. Wilson & Bennett Mfg. Co.*, 243 Ill. App. 89.

Defendant Streede tendered an instruction which also quoted the provisions of the statute relating to right of way at intersections, and told the jury that if they believed from the evidence that Streede was operating his automobile with ordinary care and reached

and entered the intersection in question before Mansager reached it, and Streede was driving his automobile with ordinary care as aforesaid, then Mansager was obliged to yield the right of way across the intersection to Streede. The court modified the instruction by striking out the last clause and substituting the words, "it is your duty to consider (take) such facts, if you so find from the evidence, into consideration in determining the issues in such case." The instruction as tendered is not a correct statement of the law and even with the modification, it is incorrect. While it is always the duty of the jury to consider the facts in determining the issues, nevertheless, the instruction as tendered and as modified and given is misleading, because it suggests that the driver who first entered the intersection had the right of way. No such rule of law obtains. The driver approaching from the right has the right of way over one approaching from the left, unless the car on the right is sufficiently far away, so that if being driven with due care, it will not reach the intersection until the car from the left can pass. (*Heidler Hardwood Lumber Co. v. Wilson & Bennett Mfg. Co., supra.*) Any other interpretation of the statute would encourage racing to the intersection. It is the purpose of the law to give the driver on the right a preference in passing through the intersection and it is the duty of the driver on the left to respect that right in accordance with the rule herein laid down.

A driver on the left owes a duty to the driver on his right to approach an intersection with sufficient care to permit the latter to exercise his right of way. (*Johnson v. Duke,* 247 Ill. App. 372; *Zapf v. Kutten,* 229 Ill. App. 406; *McCarthy v. Fadin,* 236 Ill. App. 300; *Fisher v. Johnson,* 238 Ill. App. 25.) While the right of way does not relieve the one entitled to it from the duty of exercising due care to avoid injuring

another, he may assume that persons approaching the intersection on his left will observe the law and respect his right. (*Partridge v. Eberstein,* 225 Ill. App. 209; *Johnson v. Duke, supra.*)

This cause is reversed and remanded.

*Reversed and remanded.*