## Mildred Barnhart, Appellee, v. Paul A. Goin, Appellant.

Opinion filed June 9, 1932.

THOMAS H. CREIGHTON and HARRY ANDERSON, for appellant.

THURLOW G. LEWIS and FRANK E. TROBAUGH, for appellee.

MR. JUSTICE FULTON delivered the opinion of the court.

Mildred Barnhart, appellee, recovered a judgment against Paul A. Goin, appellant, in the circuit court of Hamilton county for the sum of $1,500 for personal injuries suffered by her in an automobile accident.

The declaration contained seven counts, but the third and fourth counts were stricken at the close of plaintiff's testimony. The first and second counts charged general negligence in the operation and management of the automobile and the driving of the same at a high rate of speed. The fifth count charged only general negligence. The sixth count charged wilful and wanton operation coupled with the charge of driving on the left side of the highway. The seventh count alleged wilful and wanton conduct along with driving at an unreasonable rate of speed.

Appellant filed a plea of not guilty. No special finding of fact was submitted to the jury and no request made by either party for the submission of same. The court rendered judgment on the general verdict and included in the judgment order that the injuries sustained by the plaintiff were wilfully and wantonly and maliciously inflicted as charged in the declaration.

It is insisted by appellant that the court erred in refusing to direct a verdict on the wilful and wanton counts, motion to that effect having been made at the close of the plaintiff's evidence, but not renewed at the close of all the evidence.

It is contended that the evidence fails to sustain said counts and there being a general verdict, the judgment must be reversed.

As we understand the rule, in order to save the question of the sufficiency of the evidence, it is necessary to make the motion to direct a verdict at the close of all the evidence. In this case the appellant should have renewed his motion to direct a verdict on the wilful and wanton counts of the declaration, at the conclusion of all the testimony. The motion was properly made at the close of the plaintiff's testimony and denied by·

the court, but the right of appellant to assign error on the overruling of such motion was waived when he introduced evidence in defense of the case. *Central Ry. Co. v. Knowles*, 191 Ill. 241; *Chicago, B. & Q. Ry. Co. v. Pollock*, 195 Ill. 156; *Morris & Co. v. Rhode Island Ins. Co. of Providence*, 181 Ill. App. 500.

It is further insisted that the court erred in its rulings on the instructions. Appellee's first given instruction was as follows: "This case is one which is civil in its nature, and the degree of proof which the law requires in order to justify a verdict for the plaintiff is not so great as it is in a criminal case; that is, the plaintiff in this case only has to prove the material allegations in her declaration by a greater weight or preponderance of all the evidence and not beyond a reasonable doubt; so if you find and believe from the evidence in this case that it preponderates in favor of the plaintiff, regardless of the number of witnesses testifying on either side, and however slight that preponderance may be, that is all the law requires, and is sufficient upon which to base a verdict for the plaintiff."

Instructions of this character have not been held to be reversible error, but the use of words such as "and however slight that preponderance may be," has been condemned by the courts in many cases. *Riddle v. Mansager*, 254 Ill. App. 68; *Reivitz v. Chicago Rapid Transit Co.*, 327 Ill. 207; *Molloy v. Chicago Rapid Transit Co.*, 335 Ill. 164.

Appellee's seventh given instruction sets forth the provision of the Motor Vehicle Act relative to speed of automobiles on the highway and in going around a corner or a curve. Cahill's St. ch. 95a, ¶ 23. After quoting the statute the instruction then told the jury that at the time of the alleged accident the said statute was in force in the State of Illinois, with reference to motor vehicles at the time of the accident in question. The part of the statute that reads, "If the rate of speed

exceeds 35 miles an hour such rate of speed shall be prima facie evidence that the person operating such motor vehicle is running at a rate of speed greater than is reasonable and proper'' tends to mislead the jury into concluding that, if it believes that the speed of the automobile exceeds 35 miles an hour, it must find, regardless of the surrounding circumstances, that the appellee has proved the operation of the vehicle at a rate of speed greater than is reasonable and proper. *Stansfield v. Wood,* 231 Ill. App. 586; *Stamas v. Waskow,* 250 Ill. App. 364; *Riddle v. Mansager,* 254 Ill. App. 68.

In *Stansfield v. Wood,* it is further said, ''The rule as to what constitutes prima facie evidence as found in this statute is a rule of law for the guidance of the court and not a rule in the law of evidence to be given to the jury. (Chamberlyne on Evidence, 994.)''

A similar instruction was also held reversible error in *Harris v. Piggly Wiggly Stores, Inc.,* 236 Ill. App. 392.

In *Stamas v. Waskow, supra,* the court said, ''Where a case does not turn on the question of speed, or where the facts, regardless of any instruction, show an absolute liability, we would not reverse solely on the ground that this erroneous instruction was given.''

In this case we can see how the question of speed might have been one of compelling force with the jury and with the record in the condition it is, containing wilful and wanton counts in the declaration, we believe it was necessary to have the jury accurately instructed and that the errors are sufficient for a reversal of the case.

The judgment of the circuit court of Hamilton county is therefore reversed and the cause remanded.

*Reversed and remanded.*