Henry Schoonveld, Plaintiff-Appellant, v. Kankakee Motor Coach Company, and Robert Blanchette, Defendants-Appellees.

Gen. No. 10,439.

Opinion filed May 24, 1951. Rehearing denied July 17, 1951. Released for publication July 17, 1951.

RUGEN, LIGTENBERG & GOEBEL, of Chicago, and SMALL & SALE, of Kankakee, for appellant; JOHN LIGTENBERG, of Chicago, of counsel.

SHAPIRO & LAURIDSEN, of Kankakee, for appellees.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

On the night of September 28, 1948, Henry Schoonveld was driving his car in a westerly direction on Illinois Route No. 17 in the city limits of Kankakee, Illinois. At the same time Robert Blanchette was driving a motorbus owned by the Kankakee Motor Coach Company, in an easterly direction on the same highway. St. Joseph Street in the city of Kankakee intersects Route No. 17. The Schoonveld car was being driven on the north side of the highway and the bus on the south side. The driver of the bus made a left-hand turn off of Route No. 17 intending to go north on St. Joseph Street. As the bus was making this turn, the car of Schoonveld and the bus collided and Schoonveld was injured.

Henry Schoonveld filed a suit in the circuit court of Kankakee county against the Kankakee Motor Coach Company, a corporation, and Robert Blanchette for the damages which he had sustained because of the collision of his car and the bus. The complaint is in the usual form. The defendants filed an answer and denied all negligence on their part, and charged that the contributory negligence of the plaintiff was the proximate cause of his injury. The case was submitted to a jury and they found the issues in favor of the defendants. A motion for a new trial was entered by the plaintiff, which was overruled and judgment was then entered on the verdict in favor of the defendants. It is from this judgment that the appeal has been prosecuted to this court.

The appellant has assigned two errors on which he bases his request that the judgment of the trial court should be reversed. The first one is that the verdict of the jury is contrary to the law and the evidence in the case. The second one that the court gave to the jury an improper instruction. We do not pass on the weight of the evidence, as we think the judgment should be reversed and a new trial granted, because the court erred in giving an improper instruction which is as follows: "The Court instructs you that on the date of this collision there was in full force and effect a certain Statute of the State of Illinois which provided and provides that:

'No person shall drive a vehicle of the first division' . . . (which includes a motor vehicle of the type driven by plaintiff in this case) . . . 'upon any public highway in this state at a speed greater than is reasonable and proper having regard to the traffic and the use of the way or so as to endanger the life or limb or injure the property of any person. . . . ' If the rate of speed of any such motor vehicle operated on

any public highway in this State where the same passes through the residence district or any city, village or incorporated town exceeds twenty-five (25) miles an hour, or if the rate of speed of any such motor vehicle operated on any public highway in this State in a suburban district, exceeds thirty-five (35) miles an hour, such rates of speed shall be prima facie evidence that the person operating such motor vehicle is running at a rate of speed greater than is reasonable and proper having regard to the traffic and use of the way or so as to endanger the life or limb or injure the property of any person."

This court held in the case of *Peters v. Madigan*, 262 Ill. App. 417 that when the evidence is conflicting it is necessary that the instructions to the jury given on behalf of the successful party state the law with accuracy and be free from all error calculated to mislead the jury. The evidence in this case is very conflicting as to the rate of speed the plaintiff's car was traveling just prior to the time of the collision in question. It is argued by the appellees that the evidence is so strong in favor of their case, that this was harmless error and that the jury could not have reasonably come to any other conclusion than that it was the negligence of the plaintiff himself that was the proximate cause of the injury. We cannot agree with this contention, as from an examination of the evidence as abstracted, it is clear that there was quite a variance among the witnesses who testified in the case. This instruction has been condemned by all of the Illinois Appellate Courts. *Scally v. Flannery*, a Fourth District case reported in 292 Ill. App. 349; *Harris v. Piggly Wiggly Stores, Inc.*, a First District case 236 Ill. App. 392; *Riddle v. Mansager*, Second District case, 254 Ill. App. 68 and *Barnhart v. Goin*, 266 Ill. App. 591. Our attention has not been called to any case where either the Supreme or Appellate Court has approved this par-

ticular instruction. It is true that courts have several times held that it was not reversible error to give this instruction, but have always condemned it, but sometimes held that under the facts and circumstances in the particular case, the judgment could be affirmed.

■ It is our conclusion that under the facts as disclosed by the record in this case, that it was reversible error to give this instruction, and the judgment of the trial court should be and is hereby reversed.

*Reversed and remanded.*